[No. 4999.]

## ANTHONY C. TULLY ET AL. v. EMILE BAUER ET AL.

PUBLICATION OF DELINQUENT TAX LIST.—When a statute requires that the delinquent tax list, together with the time and place of sale of the property for the delinquent tax, shall be published in a paper in the city or county, or in a supplement to such paper, such list, time, and place, if published in a supplement, must be published in one the circulation of which is co-extensive with that of the paper both in and out of the city and county.

DEFENSE AGAINST A TAX DEED.—If a delinquent tax list, and time and place of sale of property for the delinquent taxes, are not published as required by the Statute of 1859, the defendant may, under said statute, avail himself of the same as a defense in an action of ejectment brought against him by one claiming under a tax deed.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Ejectment to recover a lot fronting on Wetmore Place, in the City and County of San Francisco. The tax for the fiscal year ending June 30th, 1871, was not paid, and the lot was sold to the plaintiff's grantor, who received a tax deed on the 21st day of December, 1871. This was the plaintiff's title.

The Statute of 1857, as amended in 1859, (sec. 23) provides that the matters recited in a tax deed shall be all the requisites essential to the validity of a tax sale, and the tax deed shall convey to the grantee the absolute title, and shall be *prima facie* evidence of title in the grantee, "except that Courts of Law and Equity may examine *only* in regard to such deed, and may hear any testimony in relation thereto to show:

" 1. That the property, or a larger parcel of which it is a portion, was not assessed or equalized, as required by law.

" 2. That the taxes, or a portion of them, were not levied by law, or by some person or body under authority of law.

" 3. That the taxes were paid.

" 4. That at a proper time and place the property was not sold at public auction by a proper officer.

" 5. That the property was redeemed.

" 6. That the person who executed the deed was not the proper officer, or *de facto* acting as such officer."

The plaintiffs rested on the tax deed, and the conveyance from the grantee therein to them. The defendant was permitted to prove that the supplement in which the list, and time, and place of sale were published, was not circulated with the papers which were distributed outside of the City and County of San Francisco, and that the paper making the publication had a circulation outside said City and County. The defendant had judgment, and the plaintiff appealed from the judgment and from an order denying a new trial. The other facts are stated in the opinion.

*R. S. Clyde* and *M. G. Cobb*, for the Appellant, in support of the point that the publication was sufficient, cited *Haskell* v. *Bartlett*, 34 Cal. 284; *Chandler* v. *Spear*, 22 Vt. 388; *Brown* v. *Hutchinson*, 11 Vt. 569; *Clark* v. *Mowyer*, 5 Mich. 465; *People* v. *Seymour*, 16 Cal. 332; *Perry* v. *Washburn*, 12 Cal. 270.)

*H. H. Haight*, for the Respondents.

By the COURT:

The fifteenth section of the Revenue Act of 1857, as amended in 1859, (Stats. 1859, p. 348) provides that the delinquent tax list shall be published by one insertion, once a week, for three successive weeks, in a newspaper published in the city and county, or in a supplement to such paper; and it is required that the time and place of commencing the sale of the delinquent property shall be designated in such publication. There

is no other mode in which the time of the sale can be desig-
nated, or the notice thereof given, than by such publication.

In this case the delinquent list was published in a supplement
to the newspaper ; and it was proven that the supplement was
not circulated co-extensively with the newspaper, but was de-
livered to subscribers and others within the city and county,
and not to those without the city and county.   It was not the·
intent of the statute that the list might be published in a single
copy, or a limited number of copies, of a supplement to the news-
paper; but that it might be published in a supplement which
was distributed for circulation generally with the newspaper.
The publication in this case does not conform to the statute,
and therefore is insufficient as a notice of the time of sale:

It is urged that the defendant cannot avail himself of this ob-
jection as a defense ; but in our opinion the point is not tenable.
The twenty-third section provides that the party resisting the
Tax Collector's deed may show, among other things :  " Fourth,
that at a proper *time* and place the property was not sold," etc.
The proper time for the sale is the time stated in the publication
of the delinquent list made in conformity with the statute.   The
time cannot be fixed in any other mode.

Judgment and order affirmed.