[Civ. No. 756.   First Appellate District.—March 9, 1910.]

In re Application of TRIBUNE PUBLISHING COMPANY OF PALO ALTO, a Corporation, that the "Palo Alto Tribune" be Declared a Newspaper of General Circulation. CALIFORNIA PRESS ASSOCIATION, Contestant, Appellant, v. TRIBUNE PUBLISHING COMPANY OF PALO ALTO, Petitioner, Respondent.

NEWSPAPER—GENERAL CIRCULATION—RECENT CHANGE FROM WEEKLY TO DAILY—CONSTRUCTION OF CODE.—A newspaper published at weekly intervals more than two years, but which, within less than three months before the application to have it established as a newspaper of general circulation, was changed to a daily, is not thereby changed as to its efficiency, nor precluded from being established as a "newspaper printed and published at regular intervals for at least one year," within the meaning and purpose of section 4460 of the Political Code, defining a "newspaper of general circulation."

ID.—Requirement of Law—Interval Between Dates of Publication.
 Section 4460 of the Political Code does not require the interval
 between the dates of the publication to be equal from beginning
 to end, but only that it must be regular—that is, not spasmodic or
 occasional.

APPEAL from a judgment of the Superior Court of Santa
Clara County.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

McGowan, Squires & Westlake, for Appellant.

Willard, Swart, Ferrell & McGovern, for Respondent.

KERRIGAN, J.—This is a proceeding instituted under
section 4458 et seq. of the Political Code, to have the "Palo
Alto Tribune" declared and adjudged a newspaper of gen-
eral circulation, and entitled to print public or legal notices.

The only allegation of the petition material in this appeal
shows that the said newspaper was printed and published
in Palo Alto at regular weekly intervals from March 16, 1906,
down to and including October 1, 1908, and that from said
last-mentioned date down to the commencement of this pro-
ceeding, it was printed and published in said place at regular
daily intervals.

Section 4462 of said code authorizes anyone to appear and
contest such a petition; and the contestant here, on behalf
of the California Press Association (an organization of news-
papers of general circulation), interposed a general demurrer
to the petition and contested the same on the ground that
the "Palo Alto Tribune" was not a newspaper of general
circulation as defined by section 4460 of the Political Code,
in that it had not been published for regular intervals for
one year.   This demurrer was overruled, and upon final hear-
ing the prayer of the petition was granted.

Section 4460 defines a newspaper of general circulation as
follows: "A newspaper published for the dissemination of
local or telegraphic news and intelligence of a general charac-
ter, having a *bona fide* subscription list of paying subscribers,
and which shall have been established, printed and published
at regular intervals in the state, county, city, city and county,

or town where such publication, notice by publication, or official advertising is given or made, for at least one year preceding the date of such publication, notice or advertisement. . . .''

The "Palo Alto Tribune," as above stated, was published weekly during a part of the period of one year preceding the filing of the petition in the superior court, and daily during the remainder of that period; and the single question presented for determination is, Can it be said under those circumstances that such newspaper was published at regular intervals for one year?

It does not appear that the efficiency of a journal would be at all impaired by a change from weekly to daily publication. It might perhaps be said, in answer to the claim of the contestant, that the publication in this case was irregular, that a newspaper published every day is necessarily published every week, and the argument could be made that a newspaper published weekly for nine months, and thenceforth daily for three months, has been published weekly for a year. But we think it unnecessary to resort to such an argument, for it appears plain to us, bearing in mind the purpose of the act as well as the language of the provision in question, that the publication in this case constitutes a publication at regular intervals for one year. The section does not require the interval between dates of publication to be equal from beginning to end, but it must be regular, that is, not spasmodic or occasional.

The judgment appealed from is affirmed.

Hall, J., and Cooper, P. J., concurred.