[Civ. No. 14650.   First Dist., Div. Two.   May 22, 1951.]

In re J. E. CHRISTENSEN, for judgment establishing the "San Pablo Reporter" as a newspaper of general circulation.   DONALD R. HALL, Appellant, v. J. E. CHRISTENSEN, Respondent.

Carlson, Collins, Gordon & Bold and Frederick Bold, Jr., for Appellant.

S. C. Masterson, Charles H. Baldwin and Norman A. Gregg for Respondent.

NOURSE, P. J.—This is an appeal by contestant from a judgment declaring the "San Pablo Reporter" to be a newspaper of general circulation. The evidence is undisputed that during the year preceding the petition to have its standing as a newspaper of general circulation ascertained and established the "San Pablo Reporter" was published and circulated in the city of San Pablo but printed in Richmond, Rodeo, Concord and Rodeo respectively, and that all the mentioned cities and/or townships are within the county of Contra Costa. The court found among other facts "That the 'San Pablo Reporter' has been established, printed and published at regular intervals in the County of Contra Costa, State of California, said county and state being the county and state where publication, notice by publication, and official advertising is to be given or made, for more than one year prior to the filing of the within petition"; and concluded "That the 'San Pablo Reporter' is a newspaper of general circulation in and for the County of Contra Costa, State of California." The judgment does not contain any restriction of the status of newspaper of general circulation to the county and state.

Appellant's main contention is that sections 6000, 6003 and 6004 of the Government Code require for the standing of a newspaper of general circulation that it is printed in the place where it is published during the whole of the one year period contemplated and that if both printing and publishing have not during said period taken place at one and the same location or situs the newspaper is not one of general circulation for any purpose. Respondent contends that the cited sections of the Government Code require the newspaper to be both printed and published in the city, town or county, in which the publication is to be made. Respondent concedes that, as the "San Pablo Reporter" was published but not printed in San Pablo, the paper does not fulfill the requirements of a newspaper of general circulation *published in that city,* but maintains that nevertheless it fulfills the requirements of such a newspaper *published in Contra Costa County* and may be used for publication, notice of publication or official adver-

tising required to be given or made in that county. Respondent declared at the oral argument he would not object to any modification of the judgment which would express that distinction.

The question involved seems never to have been decided. Respondent stresses section 6000, Government Code, which reads in part: "A 'newspaper of general circulation' is a newspaper . . . which . . . has been established, printed and published at regular intervals *in the State, county, or city where publication, notice by publication, or official advertising is to be given or made* for at least one year preceding the date of the publication, notice or advertisement." (Emphasis added.) Whereas appellant stresses section 6004 reading: "For a newspaper to be 'published' it shall have been issued *from the place where it is printed and sold to or circulated among the people and its subscribers* during the whole of the one year period." (Emphasis added.) However, the word "place" in the latter section does not necessarily mean location, situs (or business premises) as contended by appellant,. In *Standley* v. *Knapp,* 113 Cal.App. 91, 98 [298 P. 109], it is said, citing from American and English Encyclopedia: " 'The term place, in popular usage, is very indefinite. In legal parlance it is equally indefinite. The extent of the locality designated by it must generally be determined by the connection in which it is used.' " Citing expressions in legal dictionaries to that same effect, it was shown in *State* v. *Thomas,* 25 Mont. 226 [64 P. 503] that "place" is sometimes even used in the meaning of state or country and it was held that in the case then before the court the word "place" should be considered to include "county."

Also to the word "place" in section 6004, Government Code, such wide significance seems applicable. The provision of that section was first introduced in our codes in the year 1923 when it became part of section 4463, Political Code. Prior to the enactment the Supreme Court had held that although section 4460, Political Code, required a newspaper of general circulation to be printed and published *in the community* where legal notice was to be given, it was not necessary for the object to be served—an effective medium of publicity—and therefore not intended, to require that the physical act of printing was to be done in the place of publication. (*In re McDonald,* 187 Cal. 158, 161 [201 P. 110].) In *Application of Monrovia Evening Post* (1926), 199 Cal. 263, 268 [248 P. 1017], the Supreme Court recognized that the new provisions

of section 4463, Political Code, were deliberately adopted for the express purpose of overcoming the effect of the decision in *In re McDonald*. In describing the meaning of the new provision the Supreme Court used the following language: (p. 266)

"It was the clear intent of the legislature, expressed in these two sections, [4460 and 4463, Pol. Code] to require a newspaper of general circulation to be both printed and published *in the city, town or county wherein it seeks the patronage of such legal notices.* The word 'publish' ordinarily means to disclose, reveal, proclaim, circulate or make public. But as that term is used in section 4460 of the Political Code, it is limited by the provisions of section 4463 to mean that the newspaper shall have been actually issued *from the identical city or political subdivision* where it is printed." (Emphasis added.) Clearly the Supreme Court considered the expression "place where it [the newspaper] is printed" in section 4463 in connection with the language of section 4460, which it limits, and concluded that "place" meant city, town, county or in general political subdivision where publication is to be made. Again on page 268 the court stated: "Since the adoption of this amendment it is now very clearly the legislative intention to require that a newspaper of general circulation be printed, published and issued from one and the same *city, town, county or place* where the notice of publication or official advertising is to be given or made." (Emphasis added.) ■ Although the exact question now before us was not involved in the Monrovia Evening Post case the interpretation of the legislative intent given by the Supreme Court seems sufficiently to support respondent's position that the paper need not be printed at its business situs but that it is sufficient that both publishing and printing take place in the political subdivision where publication must be made.

■ Appellant contends that the code does not recognize a newspaper which is one of general circulation in some instances and not one of general circulation in others. However section 6000, Government Code requiring that the newspaper has been established, printed and published in the state, county or city where publication is to be made expressly makes the newspaper of general circulation for some publications and not for others. Appellant further contends that it was the legislative intent and a practical necessity that the question whether a newspaper of general circulation may be used for publication within a certain political subdivision should depend solely on the "location" of the newspaper within said

subdivision. The "location" as sole standard for the capacity to make official publications is an invention of appellant not borne out by the code. Prior to the legislation of 1923 the officer who had to make an official publication had to ascertain over and above the general character of the news published by the newspaper and the bona fide subscription list, whether the newspaper had been published for at least one year preceding the date of publication in the subdivision where publication was to be made. Since the 1923 amendments the officer must moreover ascertain whether it has been *printed* in that subdivision during the same period. Even when publishing and printing take place in the same office, complications can arise and could arise under the old provisions. If a newspaper of general circulation has been published and printed in one city of a county and both publishing and printing are moved to another city of the same county the newspaper both under the old and under the new law will have maintained its status for county publication but will lack the status for city publication until it has been at least a year in its new location. We conclude that the above objection of appellant is not well taken but think it proper to modify the judgment so as to clarify it and make it conform to the findings of fact.

■ Appellant's further objections are without merit. The undisputed fact that the "San Pablo Reporter" was published every week but not always on the same day of each week did not impair the correctness of the court's finding that it was published at regular intervals. It is not necessary that the intervals between the publications are exactly equal but it is sufficient that the publication is not spasmodic or occasional. (*In re Tribune Publishing Co.*, 12 Cal.App. 754, 756 [108 P. 667].) Appellant's final contention that petitioner's testimony as to the existence of a bona fide subscription list was not admissible because not the best evidence (Code Civ. Proc., § 1937) cannot be reviewed because the objection was waived below on condition that the objector would be given informal inspection of the original subscription list and respondent maintains and appellant does not deny that said condition was fulfilled.

The adjudication in the judgment appealed from is modified so as to read:

"Now therefore, it is hereby ordered, adjudged and decreed that the 'San Pablo Reporter' is a newspaper of gen-

eral circulation published in the County of Contra Costa, State of California, in accordance with the provisions of sections 6000-6005 of the Government Code and is hereby determined and declared to be such a newspaper of general circulation.''

As modified the judgment is affirmed, the appellant to bear all costs of the appeal.

Goodell, J., and Dooling, J., concurred.