[Civ. No. 20008.   Second Dist., Div. Two.   June 30, 1954.]

JULIUS HOCHFELDER et al., Appellants, v. COUNTY OF LOS ANGELES, Respondent.

S. V. O. Prichard for Appellants.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Deputy County Counsel, for Respondent.

FOX, J.—Plaintiffs take this appeal from a judgment of dismissal entered upon demurrer sustained without leave to amend.

Only very few facts need be stated in order to present the question to be determined. The action is one against the county of Los Angeles. The complaint alleges that on Feb. 26, 1952, plaintiff Anna W. Hochfelder, a county employee, was injured while engaged in her official duties by reason of a dangerous and defective condition maintained by defendant county. On May 16, 1952 (which was within 90 days of the occurrence of the injury), Anna filed with the Board of Supervisors of the County of Los Angeles (hereinafter referred to as the board), a claim for damages. The board did not act upon the claim until April 7, 1953, at which time it formally adopted an order denying the claim. The present action was commenced May 5, 1953, which is more than six months subsequent to the ninetieth day following the filing of the claim but less than six months after the actual denial of the claim.

Defendant's demurrer was based upon general and special grounds, as well as upon the more specific grounds that plaintiffs' action was barred by certain designated statutes of limitation. It is conceded by both sides that the sole question to be decided is whether or not this action is barred by the provisions of section 342 of the Code of Civil Procedure and sections 29714 and 29715 of the Government Code.

Section 342 of the Code of Civil Procedure reads as follows: "Actions on claims against a county, which have been rejected by the board of supervisors, must be commenced within six months after the first rejection thereof by such board." Section 29715 of the Government Code states: "A claimant dissatisfied with the rejection of his claim or with the amount allowed him may sue the county on the claim at any time within six months after the final action of the board." The chronology of events as disclosed by the record is that the claim, which was filed on May 16, 1952, was rejected by the board on April 7, 1953; the present complaint was filed on May 5, 1953. There would thus appear to be compliance with the requirement of section 342, that an action against the county upon a claim rejected by the Board of Supervisors, "must be commenced within six months after the *first rejection* thereof by such board." Similarly, it would seem that the provision of Government Code, section 29715, limiting the time for institution of a suit upon a rejected claim, to "within six months after the *final action* of the board" was likewise satisfied. (Italics added.)

In support of the trial court's judgment of dismissal, the

county argues that plaintiffs' action is barred because the period prescribed by section 342 of the Code of Civil Procedure and section 29715 of the Government Code had already terminated at the time plaintiffs' action was commenced. The county relies on section 29714 of the Government Code which provides: "If the board refuses or neglects to allow or reject a claim for 90 days after it is filed with the clerk, the claimant may treat the refusal or neglect as final action and rejection on the ninetieth day." It is the county's position that under the wording of this section, a claim against a county is denied by operation of law on the ninetieth day after it is filed, and that the six months' statutes of limitations previously quoted commenced to run immediately upon such constructive rejection of the claim. Relating this to the sequence of events before us, the ninetieth day after filing fell on August 14, 1952, without any affirmative action having been taken by the board. According to the county, this amounted to a constructive rejection and set in motion the six months' limitation period of section 342, Code of Civil Procedure, and section 29715 of the Government Code, which expired on February 14, 1953.

Hence, it is argued by the county that the formal rejection of the claim by the board on April 7, 1953, was, in effect, a nugatory act, since the claim was already barred; and the present action, which was not commenced until May 5, 1953, falls under the ban of the same statutes of limitations. We are unable to agree with these contentions.

It may be of some benefit to scan briefly the legislative history of the provisions here under scrutiny. Sections 29714 and 29715 of the Government Code appear to have had their prototype in the County Government Act of 1897 (Stats. 1897, ch. 277, p. 471), at which time they were coalesced as an integrated entity in section 43 thereof. In 1907, the precise language of section 43 was reenacted as section 4078 of the Political Code (Stats. 1907, ch. 282, § 1, p. 381). So far as is here pertinent, section 4078 provided: "If the board refuse or neglect to allow or reject a claim or demand for 90 days after the same has been filed with the clerk, *such refusal or neglect may, at the option of the claimant, be deemed equivalent to a final action and rejection on the ninetieth day,* and a claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor at any time within six months after the final action of the board . . ." (Italics added.)

This phraseology remained unchanged until 1947, when section 4078 of the Political Code was repealed, and the Legislature enacted the chapter of the Government Code which now includes sections 29714 and 29715 (Stats. 1947, ch. 424, § 1, p. 1236). The language of Political Code section 4078 was simplified, severed, and enacted into separate sections of the Government Code. The first part of Political Code, section 4078, above quoted was, with a slight change of language, embodied in section 29714 of the Government Code. This change consisted of the omission of the clause above italicized and the insertion in its stead of the words presently appearing: "the claimant may treat the refusal or neglect as a final action and rejection on the ninetieth day." The balance of former section 4078 of the Political Code set forth above is now incorporated into section 29715 of the Government Code.

By way of orientation, it is to be observed that sections 29714 and 29715 are contained in title 3, div. 3, ch. 4 of the Government Code, which relates to claims against a county. Article 1 of chapter 4, covering sections 29700 to 29721, embraces the filing and approval of claims and prescribes in detail the manner and procedure by which specified types of claims must be presented to the board before a suit may be initiated by a claimant. Section 29704 states in part: "Any claim against the county . . . shall be presented to the board before any suit may be brought thereon. No suit shall be brought on any claim until it has been rejected in whole or in part." Section 29713, which immediately precedes the two sections here under review, provides in part: "If the board finds any claim is not a proper county charge, it shall be rejected. The rejection shall be plainly endorsed on the claim." While section 29704, *supra*, provides that no suit shall be brought on any claim against a county until such claim has been presented as therein provided and rejected in whole or in part and while section 29713, *supra*, enjoins the board to reject all improper claims and to place thereon a plain endorsement of such rejection, it is significant that nowhere is there placed upon the board any *specific* limitation of time within which it *must* act in either allowing or rejecting the claim.

It is a fundamental rule of statutory construction that a provision under consideration by the courts should, wherever possible, be given such construction as will reasonably achieve its object and purpose within the context of the

legislative scheme. Section 29714 of the Government Code constitutes a part of the machinery therein established requiring the presentation of claims to the board as a condition precedent to the maintenance of a suit. ■ One of the reasons for this type of legislation, requiring claims against a county to be first presented to the legislative body before suit is commenced, is to prevent public funds from being consumed in needless litigation by affording the county an opportunity for amicable adjustment before it could be charged with the cost of a suit and incur other expenses. (*Crescent Wharf etc. Co.* v. *Los Angeles,* 207 Cal. 430, 437 [278 P. 1028] ; *Western Salt Co.* v. *City of San Diego,* 181 Cal. 696 [186 P. 345].) Another reason is that it provides the public body responsible for making preparations for the fiscal year with an opportunity to be informed in advance as to the indebtedness or liability that it may be expected to meet. (*Crescent Wharf etc. Co.* v. *Los Angeles, supra; Arbios* v. *San Bernardino County,* 110 Cal. 553, 555 [42 P. 1080].) A third reason, of course, is to give the county prompt notice of a claim in order to enable the board to investigate and inform themselves of the merits or demerits of a claim while the evidence is still fresh and the witnesses available. (See David, *California Municipal Tort Liability,* 7 So.Cal.L.Rev. 372, 402-405.)

Since one of the principal objectives of this species of legislation is to facilitate adjustment of claims without suit and assure adequate time for consideration and investigation of the particulars of the alleged claim by the public authority, the Legislature has seen fit to abstain from fixing any period of time within which such claims must be allowed or rejected. This was undoubtedly a recognition of the fact that while simple claims could be expeditiously processed, other claims involving complex questions of law or fact or entailing comprehensive investigation or extensive negotiation would require more prolonged attention. It is presumed, of course, that official duty will be diligently pursued and that claims would not be held up or postponed beyond the time reasonably necessary to pass upon them. But this may not in every instance be so. Thus, the object and purpose of section 29714 of the Government Code (and that of its precursor, section 4078 of the Political Code) was to obviate a situation in which the board, by its own nonaction, could defer indefinitely a claimant's right to bring an action. ■ The clearly intended import of that section is that a claimant *may* treat the failure of the board to act as tantamount to a final action

and rejection of the claim on the ninetieth day. It accords solely to the claimant the privilege of "treating" the claim as denied. This privilege or option he "may" but is not required to exercise. He may elect to wait until the board discharges its responsibility by acting upon his claim in due course. (Gov. Code, § 29713.) As is alleged in the complaint, this is precisely what the board did on April 7, 1953, when the claim was rejected. By the clear terms of section 29715 of the Government Code and section 342 of the Code of Civil Procedure, plaintiffs had six months from that date in which to file the present action.

It is thus apparent from the choice of language used in section 29714, its legislative history, its place in the statutory framework and the purpose to be accomplished, that it does not operate as an automatic rejection after 90 days have passed without positive action on the claim by the board. Had the Legislature intended a rejection to result by operation of law on the ninetieth day, it could scarcely have used language more circuitous, equivocal and diffuse to effectuate its purpose. But "the draftsmen of legislation as a rule employ language notable for its precise and definitive character . . . " (*Estate of Burnison*, 33 Cal.2d 638, 641 [204 P.2d 330].) Section 29714 does not state that the refusal or neglect of the board *shall* be treated as final action and rejection on the ninetieth day. What it does state, however, is that the *claimant* "may treat" the board's refusal or neglect as final action. Section 14 of the Government Code expressly declares that the word "shall" is mandatory and that "may" is permissive. ▇ It is true, of course, that the word "may" in a statute may be interpreted in a mandatory sense when such construction is necessary to give effect to the legislative intent (*Garrison* v. *Rourke*, 32 Cal.2d 430, 437 [196 P.2d 884]), or where the provision or the context so requires (Gov. Code, § 5). ▇ But the legislative purpose in the present case can best be realized by construing the words "the claimant may treat the refusal or neglect as final action on the ninetieth day" in its ordinary signification of conferring permission or discretion upon the claimant to deem the claim rejected if he so chooses. It cannot be served by giving these words an imperative construction, so that a claimant "must" treat the claim as rejected on the ninetieth day. Such a construction would engender some of the very evils this body of legislation was designed to suppress. It would not facilitate the adjustment of claims without suit, where a

claimant "must" treat the claim as rejected on the ninetieth day. It would not spare the county the harassment, burden and expense of useless litigation if, in all cases, a claimant "must" treat the claim as rejected by operation of law on the ninetieth day. It would hamper extended investigation of claims, where needed, if a claimant "must" treat the claim as rejected on the ninetieth day, especially where it would be to the public interest to have longer than ninety days for this purpose and the claimant was willing to abide by the board's action. It would, in effect, withdraw from the board the power to consider and act on the claim as such after the ninetieth day and invite the claimant to resort to the courts for his remedy even though the claimant and the board might be actively engaged in negotiations for a settlement at that very time. In short, not only is the construction of section 29714 advocated by the county out of harmony with the letter, spirit, history and object of that statute, but its adoption might well open a Pandora's box of ills that could plague the county in its handling of claims.

But clearly no such results were inherent in, or contemplated by, the simple and direct language of section 29714, which under the special circumstances there prescribed, permits a claimant to avail himself of judicial remedies in advance of ultimate action by the board, but does not obligate him to do so.

There is little merit in the suggestion that unless the claim is deemed rejected on the ninetieth day after filing by operation of law, a claimant would be in a position to delay indefinitely the running of the statute of limitations. All that is required to start the running of the statute is for the board to pass upon the claim, as it was intended by the Legislature that it should do. The board has full control and mastery over the course of events. On the other hand, it is conceivable that a claimant may be thwarted by the neglect or refusal of the board to take any action on the claim he has presented. The law has provided the claimant with a remedy against the possible hardship of such inaction. He may, if he so elects, exercise his right to proceed under section 29714 to prosecute his claim in the courts by treating the board's inaction as a final rejection on the ninetieth day.

The county cites *State Department of Public Health* v. *Imperial County,* 67 Cal.App.2d 244 [153 P.2d 957]. That case is not germane. It is neither determinative of the issue here presented nor is it authority for the county's bald

proposition that "A claim filed against a county is denied by operation of law on the ninetieth day after filing and the claim is barred six months after the ninetieth day." In the Imperial case, successive claims were filed against the county between 1930 and 1932. The board never took *any* action; the claims were neither allowed nor rejected. In 1941, more than 11 years after the first of these claims was presented and nearly 10 years after the last one, the plaintiff exercised the option given him in former Political Code section 4078 to deem the claims rejected and filed suit for the amounts claimed. A demurrer on the ground that the action was barred by the various statutes of limitation was sustained. The question presented was whether, under the circumstances there existing, the six months' period began to run from the ninetieth day after filing or at the time the claimant exercises his option to consider the claim as having been rejected. The court held that once a claimant invokes the option given him under section 4078 and elects to deem his claim rejected, such *deemed rejection* operated as of the 90th day to set in motion the six months' statute of limitation. All the court decided in that case was that a claimant who elects to deem his claim rejected was bound by the statutory language of section 4078 on which he relies to make such *deemed rejection* operative as of the ninetieth day after filing. The court did not construe section 4078 as being mandatory. On the contrary, it fully recognized its permissive nature when it stated (p. 247): "The claimant is given a clear-cut option which he may but does not have to exercise. That option is definitely defined as a right to consider and treat the claim as having been rejected on the ninetieth day, *if he so desires*." (Italics added.) It is at once apparent that the facts of the Imperial case do not parallel those of the instant action, and that its holding has no pertinency here. The complaint in the case at bar discloses that plaintiffs have had no occasion to invoke Government Code section 29714. The board *did* pass on the claim in due course by formally rejecting it, and the suit was instituted within six months after such rejection.

The judgment is reversed with directions to the trial court to overrule the demurrer and to allow the defendant a reasonable time within which to file its answer.

Moore, P. J., and McComb, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 26, 1954.