This is an appeal by San Gabriel Valley Newspapers, Inc., a California corporation, proprietor and publisher of The Covina Argus-Citizen, from a judgment modifying a prior judgment of July 31, 1952, with respect to the status of The Covina Argus-Citizen as a newspaper of general circulation. *Page 317 
On July 31, 1952, by decree of the superior court, The Covina Argus-Citizen was adjudged to be a newspaper of general circulation "for the City of Covina, and for the County of Los Angeles, and for the State of California," as defined in section6000 of the Government Code.[1] On August 21, 1958, the respondent, A.J. Jenner, filed notice of a motion to have such adjudication vacated pursuant to the provisions of section 6024
of the Government Code.[2] In the affidavit filed in support of the motion, respondent set forth that he is the publisher of the Covina Sentinel, a newspaper of general circulation, printed and published in the city of Covina, that since the time that The Covina Argus-Citizen was adjudicated to be a newspaper of general circulation, printed and published in the city of Covina, and for more than two years last past, The Covina Argus-Citizen has not been printed and published in the city of Covina but is printed and published in the city of West Covina, and that said newspaper has ceased to be a newspaper of general circulation, printed and published in the city of Covina. The affidavit of A.Q. Miller, Jr., was filed in opposition. In that affidavit he stated in part that The Covina Argus-Citizen has an office located in the city of Covina, "where news is collected and assembled, advertisements are solicited and accepted, and where the layout work of the newspaper is done and where substantial business affairs of said paper are conducted," that the newspaper has a building in West Covina, about one block from the city limits of Covina, at which building the mechanical work of printing the newspaper is done, and that the newspaper "has a substantial list of bona fide paying subscribers," most of whom are in the city of Covina, and it has an audited circulation of 5,161, of which approximately 90 per cent is within *Page 318 
the city of Covina, and that the newspaper is under contract to the city of Covina to do its municipal official printing.
The motion was heard on September 29, 1958, at which time certain exhibits were received in evidence by stipulation and the parties stipulated as to the circulation of the respective papers of appellant and respondent. There was a dispute in the evidence as to just how far outside the city limits of Covina the printing plant of The Covina Argus-Citizen is located but such distance does not, in any event, exceed one mile. The matter was submitted on such evidence and the affidavits. The court made the following findings of fact: 1. That since the time of the original adjudication The Covina Argus-Citizen has moved its printing facilities to 2037 West San Bernardino Road. 2. That said address is not in the city of Covina but is in the county of Los Angeles. 3. That the said newspaper is not printed and published within the city of Covina. The conclusion of law reached by the court was that the newspaper is no longer entitled to adjudication as a newspaper of general circulation, printed and published within the city of Covina, but is entitled to retain its adjudication as a newspaper of general circulation, printed and published within the county of Los Angeles and the State of California. The original decree was accordingly modified.
[1a] The first question to be determined is whether, assuming the facts to be as found, the trial court was required to make the modification of the original adjudication. Basing its argument upon the language of section 6024 of the Government Code that the "decision and judgment may be vacated, modified or set aside by the court," appellant contends that the trial court had a discretion in the matter which it failed to exercise. [2] It is true that section 14 of the Government Code provides that "may" is permissive. But such provision is subject to section 5 of the same code which states: "Unless the provision or the context otherwise requires, these general provisions, rules of construction, and definitions shall govern the construction of this code." [1b] "It is a fundamental rule of statutory construction that a provision under consideration by the courts should, wherever possible, be given such construction as will reasonably achieve its object and purpose within the context of the legislative scheme." (Hochfelder v. County of LosAngeles, 126 Cal.App.2d 370, 373 [272 P.2d 844].) With respect to the use of the word "may" in another section of the Government Code, the court said in Hollman v. Warren, 32 Cal.2d 351, at page 356 [196 P.2d 562]: "Section *Page 319 8200 of the Government Code provides that the governor `may' appoint notaries in such number as he deems necessary. Ordinarily, `may' is permissive (Gov. Code, § 14), but if the provision or context otherwise requires it that meaning is not required (Gov. Code, § 5). It is clear that a mandatory duty to appoint notaries public is imposed." (See also Hochfelder v.County of Los Angeles, supra, 126 Cal.App.2d 370, 375 [272 P.2d 844]; Jefferson Union School Dist. v. City Council,129 Cal.App.2d 264, 267 [277 P.2d 104].) In this case it is clear that the Legislature did not intend that, after the standards had been met by a newspaper with respect to its qualification as a newspaper of general circulation for a particular area, the superior court would have discretion to determine whether a subsequent substantial deviation from such standards should be disregarded.
[3] The determination of this matter is governed by the provisions of section 6004.5 of the Government Code: "In order to qualify as a newspaper of general circulation the newspaper, if either printed or published in a town or city, shall be both printed and published in one and the same town or city." The meaning of that section received careful consideration in In reLynwood Herald American, 152 Cal.App.2d 901 [313 P.2d 584]. That case and In re Application of Monrovia Evening Post,199 Cal. 263 [248 P. 1017], sustain the determination of the trial court in the present matter. As concisely stated in the Lynwood case, supra, at page 907: "In the Monrovia case, the Supreme Court held that within the meaning of section 4463 of the Political Code (now Gov. Code, § 6004) a newspaper is `published' at the town, city or place where it is printed and issued. It is declared also in Christensen [In re Christensen, 104 Cal.App.2d 375
(231 P.2d 152)] that a newspaper could not qualify for publications of the city in which it had its office and main circulation unless it was also printed in that city. Nevertheless, it could and did qualify as a newspaper of general circulation for the county in which it was both printed and published.
"This was the law as it existed at the time section 6004.5 was added to the Government Code by the enactment of Chapter 937, 1951 Statutes, page 2538, paragraph 1. Paragraph 2 affirmed: `The act is declaratory of the existing law and does not make a substantive change therein.'" (See also In re The Paul BunyanNews, 175 Cal.App.2d 80 [345 P.2d 527].)
[4] Appellant seeks to avoid the effect of such reasoning by the argument that section 6024 of the Government Code *Page 320 
provides that an adjudication may be modified only upon "A satisfactory showing made to the court that the newspaper has ceased to be a newspaper of general circulation" but that in this case that has not been shown since the paper has not ceased to be a newspaper of general circulation with respect to the county of Los Angeles. But, as stated by the trial court, section 6024 must be read in the light of section 6000 of the Government Code. Just as under the provisions of section 6000 it is contemplated that there may be an adjudication that a newspaper is one of general circulation for a particular city as well as for the county in which it is situated or for the county only (In re Christensen,supra, 104 Cal.App.2d 375, 378), so must section 6024 be deemed to include the matter of the modification of such an adjudication relating to a county and a particular city therein so as to eliminate the portion thereof relating to the city.
[5] Appellant emphasizes the fact that its printing facilities are located only a short distance outside the limits of the city of Covina. It makes the contention that section 6024
is unconstitutional as applied to it. In that connection, appellant states its position to be that section 6024 "asapplied in this case incorporated Sections 6000, 6003, 6004 and 6004.5 and was invalid." Basically the challenge is addressed to the requirement that the newspaper must be printed within the political subdivision as to which it is to be considered a newspaper of general circulation. The contention that such a provision is unconstitutional was rejected by the Supreme Court in the case of In re Application of Monrovia Evening Post,supra, 199 Cal. 263. (See In re The Napa Journal, 132 Cal.App. 339, 342 [22 P.2d 772]; note, 26 A.L.R.2d 655, 662.) It was said in the Monrovia case, at page 269: "The very purpose of requiring the publication of official notices is to inform the people concerning proceedings of a public nature for their general welfare. It appears reasonable to require such notices to be published in newspapers having a fixed and permanent domicile and a substantial circulation at the city or place where the inhabitants live who are most vitally interested in the transactions respecting which notices are required. At least, it is not unreasonable to expect the citizens of a particular community to rely upon their local newspaper primarily to inform them of the proceedings of their own local officers and the affairs of local public importance. No doubt it is on this theory that the legislature has seen fit to require such official advertising to be done only in newspapers of general circulation, *Page 321 
both printed and published in the place where such notices are given or made."
There was no error in the determination of the matter by the trial court.
Affirmed.
Shinn, P.J., and Vallée, J., concurred.
[1] Section 6000 of the Government Code is as follows: "A `newspaper of general circulation' is a newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers, and has been established, printed and published at regular intervals in the State, county, or city where publication, notice by publication, or official advertising is to be given or made for at least one year preceding the date of the publication, notice or advertisement."
[2] The first subsection of section 6024 of the Government Code provides: "(1) The decision and judgment may be vacated, modified or set aside by the court on its own motion, or on the motion of any person, whether a party to the original proceeding or not upon: (a) A verified statement of facts being made to the court. (b) Ten days' notice to the petitioner. (c) A satisfactory showing made to the court that the newspaper had ceased to be a newspaper of general circulation."