[Civ. No. 6751.   Fourth Dist.   May 21, 1962.]

WESTERN STATES NEWSPAPERS, INC., Plaintiff and Appellant, v. VERNE O. GEHRINGER et al., Defendants and Respondents; COUNTY OF SAN DIEGO, Defendant, Cross-complainant and Appellant; INDEPENDENT, Cross-defendant and Respondent.

Linley, Duffy & Smith and Donald W. Smith for Plaintiff and Appellant.

Henry A. Dietz, County Counsel, Robert G. Berrey and Fredric G. Dunn, Deputy County Counsel, for Defendants and Respondents, and Defendant, Cross-complainant and Appellant.

Procopio, Price, Cory & Fisher and Emmanuel Savitch for Cross-defendant and Respondent.

COUGHLIN, J.—The primary questions on these appeals concern the requirements for publication of delinquent tax lists as prescribed by section 3391 of the Revenue and Taxation Code which provides as follows:

"In each county where the tax collector or, if the county is a chartered county, the board of supervisors determines that the public interest, convenience and necessity require the local publication of the delinquent list in order to afford adequate notice, the published delinquent list and all items

required to be published with the published delinquent list shall be published as provided in this article.

"After such determination, the tax collector or, if the county is a chartered county, the board of supervisors shall divide and distribute the delinquent list and cause the same to be published either within (a) the municipal corporations, (b) the elementary, high school or junior college districts, (c) the supervisorial districts, (d) judicial districts, (e) tax districts, areas included in map books, or tax code areas, or (f) by any annexation or annexations of same, or any combination of same, or any combination of such districts, annexations, areas included in map books, and code areas, within the county as they shall determine most likely to afford adequate notice to owners whose property is upon the delinquent lists.

"Except as provided in this article, the publication shall be in the same manner as provided in Article 1.

"The publication provided for in this article shall be made once a week for two successive weeks in a newspaper or newspapers of general circulation. Such publication shall be made in a newspaper published not less frequently than once a week."

The plaintiff, a California corporation, brought this action against the County of San Diego, the members of its board of supervisors, its tax collector, and its purchasing agent, individually, as defendants; alleged certain claimed irregularities in the publication of portions of the San Diego County 1959 delinquent tax list; sought to recover damages from the individual supervisors under the provisions of section 6044[1] of the Government Code, claiming that the irregularities in question were the result of their violation of the provisions of section 6040[2] of that code, and asked for a judgment declaring that the publication in question was invalid.

The defendants answered denying the alleged irregularities, and the defendant county filed a cross-complaint, seeking a declaration respecting the validity of the publication in

---

[1]Section 6044 of the Government Code provides: "State, county or city officers, officers of political subdivisions, and officers of courts who violate or disregard the provisions of this article, or of Article 1, are responsible personally and on their official bonds for all damages occasioned thereby, together with one hundred dollars ($100) liquidated damages in each case, to be recovered in any court of competent jurisdiction by the person aggrieved or interested."

[2]Section 6040 of the Government Code provides: "Whenever any official advertising, notice, resolution, order, or other matter of any nature whatsoever is required by law to be published in a newspaper, such publication shall be made only in a newspaper of general circulation."

question, in which it named as cross-defendant a newspaper designated the "Independent," a copartnership, whose bid for the publication of the lists in question had been accepted by the county, and which thereupon had made the publications that the plaintiff claimed were invalid, but had not been paid therefor.

The trial court concluded that the plaintiff was not entitled to a declaratory judgment because no actual controversy existed insofar as it was concerned, but also concluded that the publication was valid and decreed payment of the costs thereof by the county to the "Independent."

The plaintiff appeals from that part of the judgment on the complaint, and the County of San Diego appeals from that part of the judgment on the cross-complaint. The latter appeal is a safety measure taken to protect the county in the event that part of the judgment decreeing the validity of the questioned publication should be reversed.

The Board of Supervisors of San Diego County, acting pursuant to section 3391 of the Revenue and Taxation Code, divided the 1959 delinquent tax list; one portion thereof included property located in unincorporated territory; and other portions included property located in each of the incorporated cities of the county. Following the submission of bids, pursuant to request, for the publication of the several portions of this list, a contract to publish those portions thereof covering the cities of El Cajon, La Mesa, National City, Chula Vista, Imperial Beach and Coronado was awarded to the cross-defendant "Independent." The newspaper "Independent" was "printed" and "published," as those terms are defined in sections 6003 and 6004 of the Government Code, in the City of San Diego; was judicially decreed to be a newspaper of general circulation; and was published in four editions entitled, respectively, the Metropolitan Edition, Eastern Edition, Western Edition and Southern Edition. The Eastern Edition was circulated in an area which included the cities of El Cajon and La Mesa, and those portions of the tax list covering property in those cities were published in this edition but were not published in other editions. The Southern Edition was circulated in an area which included the cities of Chula Vista, National City, Imperial Beach and Coronado, and those portions of the tax list covering property in these cities were published in this edition but not in other editions.

The plaintiff contends that, under the provisions of section 3391 of the Revenue and Taxation Code, the publi-

cation of that portion or division of a tax list which covers property located within a city must be made in a newspaper "printed" and "published" in that city; that the publication by the "Independent" did not comply with these requirements; and, therefore, it was invalid. The plaintiff bases its contention on those provisions of section 3391 which direct that portions of the lists such as those in question should be published within the cities they represent and that such publication shall be made "in a newspaper or newspapers of general circulation," and upon those provisions of section 6004.5 of the Government Code which provide that a newspaper, to qualify as a newspaper of general circulation, "shall be both printed and published in one and the same town or city." However, the contention of the plaintiff reads into section 3391 a requirement which is not present, i.e., that the newspaper of general circulation therein referred to is a newspaper of general circulation for the city in which the subject list is to be published. The latter section provides for a division of the delinquent list into portions comprising property within specified areas, including cities; directs that these portions be published within that area; and requires that publication shall be made for a stated time "in a newspaper or newspapers of general circulation," without restricting such publication to a newspaper of general circulation for the specified area selected as a divisional basis.

■■ Although a newspaper printed and published in one city may not qualify as a newspaper of general circulation for another city, it does qualify as a newspaper of general circulation for the county in which it is both "printed" and "published." (Gov. Code, § 6000; *In re Covina Argus-Citizen,* 177 Cal.App.2d 315, 319-320 [1 Cal.Rptr. 184]; *In re Lynwood Herald American,* 152 Cal.App.2d 901 [313 P.2d 584]; *In re Christensen,* 104 Cal.App.2d 375, 378 [231 P.2d 152].)

■ For the purpose of defining a newspaper of general circulation, the term "published" is given a specific and restricted meaning (*Application of Monrovia Evening Post,* 199 Cal. 263, 266 [248 P. 1017]); is limited to the publishing *of* a newspaper; does not include the printing thereof (Gov. Code, § 6005); requires that such a newspaper "shall have been issued from the place where it is printed and sold to or circulated among the people and its subscribers" (Gov. Code, § 6004); but does not refer to publishing *in* a newspaper within a specified area or publishing *within* a specified area.

■ "The word 'publish' ordinarily means to disclose, re-

veal, proclaim, circulate or make public." (*Application of Monrovia Evening Post, supra,* 199 Cal. 263, 266.) It is in the latter sense that the board of supervisors is directed by section 3391 to cause the apportioned lists to be published within the geographical areas selected for such apportionments. The board is a county agency and it is reasonable to conclude that the statute intended to authorize it to effect a publication in a newspaper of general circulation for the county, providing it was circulated within the area selected for divisional purposes. (See Gov. Code, § 6041; *Application of Monrovia Evening Post, supra,* 199 Cal. 263, 265.)

The trial judge, in an ably considered memorandum opinion, directs attention to the provisions of the statute providing for publication in a "newspaper" as well as "newspapers" of general circulation, which indicates an intention to authorize publication of portions of the divided delinquent list in one "newspaper" or in several "newspapers"; considers the practical impossibility of dividing the delinquency list into portions comprising property located within school districts, tax code areas, tax districts and judicial districts, as is authorized by the section, if publication in a newspaper "printed" and "published" in the area selected is required, because very few of such areas would have a newspaper; notes that the purpose of the statute as disclosed by its terms, wherein it directs that the divisional lists shall be published within that area within the county which the board of supervisors "shall determine most likely to afford adequate notice to owners whose property is upon the delinquent lists," seeks only adequate notice to those delinquents, and does not require publication in a newspaper printed in the selected area; declares that the intent of the section is "to benefit the delinquent owner by giving him adequate notice, not necessarily to benefit newspaper publishers in any particular area"; applies the settled rule that construction of a statute should be reasonable (*Estate of Rath,* 10 Cal.2d 399, 406 [75 P.2d 509, 115 A.L.R. 836]), and its words "must be given such interpretation as will promote rather than defeat the general purpose of the law" (*In re Lynwood Herald American, supra,* 152 Cal. App.2d 901, 909); concludes that the interpretation suggested by the plaintiff would result in an absurdity; and determines that the publication in the "Independent" was valid. We concur.

The reasonableness of the construction which the trial court placed upon section 3391 is demonstrated by the evidence in

the case which shows that the circulation of the ''Independent'' in the City of El Cajon was greater than that of the newspaper published therein by the plaintiff, and also by evidence which shows that there are no newspapers of general circulation printed and published within the boundaries of 26 of the 49 school districts, or of 840 of the 860 tax code areas within the county. The plaintiff's interpretation of the subject code section would eliminate the use of these geographical divisions as a basis for apportioning the delinquent lists although their use is specifically authorized thereby.

Plaintiff contends that, in any event, the publication made by the ''Independent'' did not comply with the requirements of section 3391 because all of the different portions of the delinquent list were not published in all of the various editions printed by it, i.e., the Metropolitan, Eastern, Western and Southern Editions. There is nothing in the statute containing such a requirement. The contention raised is without merit. The plaintiff relies upon an opinion of the Attorney General[3] in support of its position which, in turn, relies upon the decision in *Tully* v. *Bauer*, 52 Cal. 487. These authorities were not concerned with a situation such as that at bar and are not in point. The subject statute requires each portion of the list to be published in the area which it represents, but does not require it to be published in other areas although the newspaper in which the publication is made is circulated in other areas. The lists in question appeared in all publications of the ''Independent'' circulated in each of the areas selected by the board of supervisors for divisional purposes. The object of the statute was achieved.

It is a matter of note that in other instances where the Legislature intended that a publication should be made in more than one edition of a newspaper it has expressly stated its intention. (See Sts. & Hy. Code, § 5062, and Gov. Code, § 6062 prior to its amendment in 1959 deleting a requirement that the publication therein provided for should be made in ''each edition'' of a newspaper making the publication.)

'' 'Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed.' '' (*People* v. *Valentine*, 28 Cal.2d 121, 142 [169 P.2d 1]; *City of Bur-*

[3]See 25 Ops. Cal. Atty. Gen. 65.

*bank* v. *Metropolitan Water District,* 180 Cal.App.2d 451, 461-462 [4 Cal.Rptr. 757].)

Whether the plaintiff was or was not entitled to declaratory relief, the trial court passed upon the contentions raised by it in adjudicating the controversy presented by the cross-complaint. The contentions urged by the plaintiff in its attack upon the judgment denying it such relief and other contentions presented by each of the parties in support of their respective positions, need not be considered in view of our conclusion that the publication in question conforms to the requirements of the statute, and disposes of the determinative issues raised in both appeals.

The judgment is affirmed. The respondents County of San Diego, Verne O. Gehringer, Wilbur W. Easton, Frank A. Gibson, David W. Bird, Robert C. Dent, De Graf Austin and Dean E. Howell shall recover their costs on appeal from appellant Western States Newspapers, Inc. The respondent ''Independent'' shall recover its costs on appeal from the County of San Diego.

Shepard, Acting P. J., concurred.