Robert D. WIDMER, Phillip N. Keller, Lowell McClure, Alvin H. Schuldt and I. J. Icenbice, Appellants,

v.

Edward REITZLER, Alton Wolf, Melvin Shaull, Lloyd Rank, Charles A. Lortz, Charles E. Lortz and Deep River-Millersburg Community School District, Appellees.

No. 54180.

Supreme Court of Iowa.

Dec. 15, 1970.

**178**

Ed McNeil and Roger Sunleaf, of Mc-Neil, Bonham & Sunleaf, Montezuma, for appellants.

Herschel G. Langdon and Robert H. Helmick, of Herrick, Langdon, Belin & Harris, Des Moines, and F. W. Tomasek of Tomasek & Vogel, Grinnell, for appellees.

RAWLINGS, Justice.

By action in equity plaintiff taxpayers seek to enjoin issuance of bonds and execution of building construction contracts by defendant school board. Trial court denied relief requested. We affirm.

February 3, 1969, proper and adequate petitions for the calling of a special election were presented to the board.

The next day, various community news media representatives were advised by the school superintendent a board meeting would be held February 7, 1969, to consider and pass on the petitions. Public announcements were accordingly made.

At that scheduled meeting it was determined the election would be held March 20, 1969. Notice of election was also then ordered published four separate weeks, the last publication to be not less than five nor more than 20 days prior to election day, in the Deep River Record, the only newspaper published in defendant school district.

Election notices were resultantly carried in the 1969 Record editions of February 13, February 20, February 27, and March 6.

Being distributed solely by mail, the notice editions were issued as follows:

February 13 mailed February 24
February 20 mailed March 6
February 27 mailed March 11
March 6 mailed March 18

Upon issuance of the last Record publication the district board secretary certified completion of notice.

Additionally the election was well publicized, both by school papers which went to every family resident in the district, and other news media.

The election was held as scheduled and the proposed school construction project carried by slightly more than the required 60 per cent majority.

May 22, 1969, the school board met to arrange for sale of bonds.

This action was commenced June 3, 1969, or 74 days after the election had been held.

Other relevant facts will be later considered.

Propositions relied on by plaintiffs in support of a reversal are, trial court erred in upholding validity of the election because, (1) notices published did not extend over a 28 day period, and resultantly four weeks publication was not given; (2) the Deep River Record did not qualify as a newspaper of general circulation; (3) defendant board did not accord lawfully adequate notice of the proposed meeting at which the election date was selected.

These assignments will not be considered in the order presented.

I. Our review is de novo. Iowa R.Civ. P. 334 and 344(f) (7).

■ II. The first proposition before us relates to the matter of publicity attendant

upon the board meeting to determine an election date.

3A I.C.A., § 28A.4 (1967), states in material part: "Each public agency shall give advance public notice of the time and place of each meeting, by notifying the communications media or in some other way which gives reasonable notice to the public."

Neither in this nor any other provision of chapter 28A is there any directive to the effect the required meeting notification be given by any particular agency officer, or upon the express order of a designated board.

As aforesaid the district school superintendent relayed information to the news media relative to the public board meeting to be held. Nothing more was required.

The meeting notice given affords plaintiffs no effective basis for complaint.

In connection with the foregoing see Dobrovolny v. Reinhardt, 173 N.W.2d 837 (Iowa).

III. Remaining propositions relied on in support of a reversal relate to adequacy of notice regarding pendency of the bond election.

Dealing with that matter we stated in Knorr v. Beardsley, 240 Iowa 828, 853, 38 N.W.2d 236, 250:

"It is a quite general rule that statutory directions as to the time and manner of giving notice of an election are mandatory and will be upheld strictly *before* an election, but that in an action brought *after* an election has been held, substantial compliance is sufficient. The reason being that after the election has been held and the will of the voters has been fairly expressed the courts will seek to sustain it by a liberal construction of the applicable statutes and treat them as directory. (Authorities cited).

"In Dishon v. Smith, 10 Iowa 212, 218, the court said:

"'Upon considerations like these the courts have held that the voice of the people is not to be rejected for a defect, or even a want of notice, if they have in truth, been called upon and have spoken. In the present case, whether there were notices or not, there was an election and the people of the county voted, and it is not alleged that any portion of them failed in knowledge of the pendency of the question, or to exercise their franchise.'

"As said in McLeland v. Marshall County, 199 Iowa 1232, 1251, 201 N.W. 401, 203 N.W. 1, 2: 'It is not a case of no notice. In such a case, prejudice must be shown, in order to defeat an election.' (Authorities cited)."

More recently, Harney v. Clear Creek Community School District, 261 Iowa 315, at pages 318–319, 154 N.W.2d 88, at page 90, was before us, and this court there said:

"Before considering ten propositions relied upon plaintiffs we review the general principles of interpretation governing this type of case. In Honohan v. United Community School District, 258 Iowa 57, [59,] 137 N.W.2d 601 we observed, 'As a general rule mere irregularities in the conduct of a school election, or minor defects in the form of a ballot do not affect the result of the election, but defects in matters of substance are fatal.' (Cases cited.)

"The result of a school election is presumptively valid. Irregularities in the procedure must be shown to be material. In Headington v. North Winneshiek Community School District, 254 Iowa 430, 438, 117 N.W.2d 831, 836, these propositions are stated more fully and forcefully including, '[I]t is the duty of the court to sustain an election authorized by law if it has been so conducted as to give a free and fair expression of the popular will * * *.'"

See 79 C.J.S. Schools and School Districts § 366(4) (b); 26 Am.Jur.2d, Elections, § 198.

It has also long been held, the purpose of giving notice is to inform voters of an impending special election and the proposition to be submitted in sufficient time that they may be able to decide upon their vote. Neal v. Board of Supervisors, 243 Iowa 723, 729, 53 N.W.2d 147.

From the foregoing it becomes evident, if plaintiffs are to prevail in this post special election dispute they must affirmatively show any alleged election connected irregularities were so substantial the voters were thereby prejudicially deprived of a full and fair opportunity to express their will at the polls.

■ IV. The first matter to be determined regarding defects in giving of election notice is whether the Deep River Record was a lawfully qualified publication medium.

The Code 1966, Section 618.3 says, in essence, a paper in which such notices may be carried must be, (1) of general circulation; (2) published regularly and mailed through the post office of current entry for more than two years; and (3) for the same period had a bona fide circulation recognized by the postal laws.

Plaintiffs claim the Record failed to so qualify because it was not issued regularly.

They allude to the fact the four instant issues were not regularly published on edition dates. As best we can determine there is no additional showing as to irregularity of publication, or that such was other than temporary.

This alone does not serve to disqualify a newspaper otherwise acceptable under The Code 1966, Section 618.3. See Board of Com'rs of Decatur County v. Greensburg Times, 215 Ind. 471, 19 N.E.2d 459, 460 (Ind.); Petition of Christensen, 104 Cal. App.2d 375, 231 P.2d 152, 155; 66 C.J.S. Newspapers § 7 at 32; cf. State ex rel.

Swan v. Jones, 47 Wash.2d 718, 289 P.2d 982, 991–994 (Wash.). See also Iowa Official Register, 1969–1970, page 608.

We are satisfied, upon showing made, the Deep River Record was a weekly newspaper of general circulation, published and mailed for more than two years, and so accepted by the postal authorities.

From this it follows the Deep River Record qualified as a newspaper of general circulation for official publication of the special election notices.

■ V. Unquestionably these notices were published once each week in the Record for four successive weeks prior to the election.

On the other hand the publication period did not embrace a total of 28 days, and plaintiffs claim, under Code § 296.4, such time period coverage is essential.

That issue was resolved adverse to plaintiffs in Neal v. Board of Supervisors, 243 Iowa 723, 729, 53 N.W.2d 147, 150, with this statement:

"Even assuming that the statute calls for a publication of the notice to be made 28 days prior to the time for the holding thereof, as claimed by the Appellant, a question which we do not determine, this notice was published for 25 days and is a substantial compliance with section 345.6."

Cf. The Code 1966, Section 618.9.

■ VI. In the same area, however, The Code 1966, Section 296.5, directs elections, such as that with which we are dealing, be held not less than five nor more than 20 days after the last published notice.

It appears the election notice was, in due course, delivered to the Record office and the first scheduled issue thereafter was February 13, 1969. Had that notice been timely published, then March 6 would have been the last regularly scheduled issue, leaving 14 days before the election date.

Furthermore, as previously disclosed, the Record was the only newspaper available for publication of election notices, leaving the board no choice in the matter under Code § 296.4.

So it is apparent the two day time lapse between final publication and election was due to no fault on the part of defendant board.

Additionally, as heretofore stated, separate weekly notices did appear in four issues of the Record prior to election. Unfortunately, however, they were not published on the edition dates. Even so, three of the four notices clearly complied with legal requirements.

But plaintiffs maintain the election was ipso facto nullified by lapse of two rather than five days between the last publication and the election.

In resolving this problem we find, at the outset, nothing definite appears of record which discloses a single voter was prejudiced by lack of knowledge as to the election date. Neither is there any affirmative showing of fraud by anyone, or that the election would have actually resulted differently had five rather than two days elapsed between publication of the last notice and the election.

Significantly § 296.5 provides, neither specifically nor by implication, absence of literal compliance therewith shall void an otherwise lawful election.

On that subject this court aptly stated in Turnis v. Board of Education, 252 Iowa 922, 927, 109 N.W.2d 198, 201.

"While most courts generally follow the rule that after an election has been held, the statutory regulations are construed as directory, they qualify it by saying that in the absence of fraud or bad faith or constitutional violation, an election which has resulted in a fair and free expression of the will of the legal voters upon the merits will not be invalidated because of a departure from the statutory regulations governing the conduct of the election, except in those cases where the legislature has clearly and unequivocally expressed an intent that a specific statutory provision is an essential jurisdictional prerequisite and that a departure therefrom shall have the drastic consequences of invalidity. (Authorities cited).

"We subscribe to that view * * *."

Resultantly Code § 296.5 must, in this post special election contest, be deemed directory. Viewed in that light there was substantial compliance with the cited statute which suffices.

VII. Mindful of those standards set forth in Division III and other guidelines, supra, we now hold, (1) the voters expressed themselves fairly and freely; (2) plaintiffs have failed to show absence of substantial compliance with relevant statutory enactments; and (3) trial court correctly upheld validity of the challenged election.

Affirmed.

All Justices concur.