REQUESTED BY: Senator Carol Hudkins District 21
You have requested an Attorney General's Opinion concerning the language of Neb. Rev. Stat. § 48-115(3), as it pertains to volunteer firefighters who are injured while responding to calls. Specifically, you ask whether additional legislation is needed to clarify its meaning.
Under the Nebraska Workers' Compensation Act, Neb. Rev. Stat., § 48-101, et. seq., employees are entitled to benefits when they incur injuries arising out of, and in the course of their duties. However, a general principle of workers' compensation law, known as the going and coming rule, provides that employees are not entitled to benefits for injuries suffered while traveling to and from work, subject to some exceptions.[1] One of these exceptions includes coverage for police officers and firefighters who are considered "on call" at all times. See 1 Arthur Larson 
Lex K. Larson, Larson's Workers' Compensation Law, § 14.05[7] (1999); Estate of Soupene v. Lignitz, 960 P.2d 205, (Kan. 1998). In Nebraska, the Legislature has enacted a statute codifying this exception to the going and coming rule as it relates to volunteer firefighters. The statute, in pertinent part, states that volunteer firefighters:
 [S]hall be considered as having entered and as acting in the regular course and scope of their employment when traveling from any place from which they have been called to active duty to a fire station or other place where firefighting equipment that their company or unit is to use is located or to any activities that the volunteer firefighters may be directed to do by the chief of the fire department or some other person authorized to act for such chief.
Neb. Rev. Stat. § 48-115(3) (Laws 1999, LB 216 § 1).
You requested an interpretation of this statute, specifically with regard to the phrase "when traveling from any place from which they have been called," stating that a dispute has arisen about its exact meaning. Specifically, you state that some insurance companies and lawyers have interpreted the phrase "any place" to mean the premises where the firefighter receives the call. Under this interpretation, a firefighter would not be protected until he or she actually leaves the premises and begins traveling to the other location to which he or she has been called, and would not be entitled to benefits for injuries sustained before such time. For example, a firefighter who receives a call at home and falls down the stairs while responding to the call, would not be protected under this interpretation, but the same firefighter would be protected for injuries sustained in a car accident upon immediately leaving his or her driveway.
In considering whether or not the terms of the statute need to be construed, the Nebraska Supreme Court has said that statutory language should to be given its plain and ordinary meaning, and construction should not be employed to ascertain a statute's meaning when the words are plain, direct, and unambiguous. Kimball v. Dept. of Motor Vehicles, 255 Neb. 430,568 N.W.2d 439 (1998). However, where words are reasonably ambiguous, or interpretation is required, a statute may be subject to construction. Id. The process by which statutes are construed was recently discussed by the Nebraska Court of Appeals in its opinion in McDaneld v. Fischer, 8 Neb. App. 160,589 N.W.2d 172, (1999), where the Court said:
 When construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute, it being the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. See In re Interest of M.J.B., 242 Neb. 671, 496 N.W.2d 495
(1993). However, the law is that when statutory language is ambiguous and must be construed, recourse should be had to the legislative history to determine the lawmaker's intent. Pearson v. Lincoln Telephone Co., 2 Neb. App. 703, 513 N.W.2d 361 (1994).
McDaneld v. Fischer, 8 Neb. App. 160, 165, 589 N.W.2d 172, 176, (1999).
In this case, the statute is subject to construction because of the ambiguity of one of its key terms. On the one hand, the term "traveling" is unambiguous, as the word "travel" simply means "[t]o go from one place to another at a distance; to journey." Black's Law Dictionary, 5th Ed. (1979). While on the other hand, the term "place" "is a very indefinite term," Black'sLaw Dictionary, 5th Ed. (1979), and, ". . . in legal parlance, it is equally indefinite and the extent of the locality designated by it must generally be determined by the connection in which it is used." Petition of Christensen, 231 P.2d 152, 154,104 Cal.App.2d 375 (1951). Furthermore, depending on the context in which the term is used, it "may, or may not, signify a specific point." Gerald v. American Cas. Co. of Reading, Pa.,249 F. Supp. 355, 357 (D.C.N.C. 1966).
As stated above, when construing a statute, the intent and purpose of the Legislature must be given effect, and, when necessary, the legislative history of the act in question may be examined. McDaneld v. Fischer, 8 Neb. App. 160, 165,589 N.W.2d 172, 176 (1999); Southern Neb. Rural P.P. Dist. v. NebraskaElectric, 249 Neb. 913, 546 N.W.2d 315 (1996). In this case, the relevant language was added to the Nebraska Workers' Compensation Act in 1963 following the passage of LB 366. Upon examination of the legislative history of the Act, the Legislature's intentions are clear. The Introducer's Statement of Purpose states that the purpose of the statute was to protect firefighters from "the time the fire alarm is sounded," meaning that firefighters should be protected under the Workers' Compensation Act from the moment they begin traveling from the place, or more specifically, thepoint where they received the call to wherever they are required to go. Thus, in the previous example, the firefighter who receives a call while at home and falls down the stairs while responding to that call, would be entitled to workers' compensation benefits under the Act.
In sum, while adding additional language to the statute to clarify its meaning certainly would be a viable option, it is probably unnecessary in this case where a simple inquiry into the legislative history of the Act reveals its intended meaning.
Sincerely yours,
 DON STENBERG Attorney General
 Lisa D. Martin-Price Assistant Attorney General
Approved by: DON STENBERG
pc: Patrick O'Donnell, Clerk of the Legislature
18-28-18
[1] For further information on the nature and scope of the going and coming rule and its exceptions, See 1 Arthur Larson 
Lex K. Larson, Larson's Workers' Compensation Law, §§ 13.01-17.06, (1999).