982 So.2d 484 (2007)
Ex parte SMITHS WATER AND SEWER AUTHORITY
(In re Michael S. Bowden and Charles Webb
v.
Smiths Water and Sewer Authority).
1050329.
Supreme Court of Alabama.
September 14, 2007.
*485 W.F. Horsley and Joshua J. Jackson of Samford & Denson, LLP, Opelika, for petitioner.
James R. McKoon, Jr., Phenix City, for respondents.

PETITION FOR WRIT OF MANDAMUS
PARKER, Justice.

I. Background
The plaintiffs, Michael S. Bowden and Charles Webb, are real-estate developers and, at the time they filed the underlying action, were developing properties in southeastern Lee County. Smiths Water and Sewer Authority ("Smiths"), the defendant below, is a water and sewer authority organized under §§ 11-88-1 through -135, Code of Alabama 1975. In 2001, Smiths acquired a sewer trunk line that had been constructed by and serves the citizens of the City of Phenix City ("the City"). Smiths collects an impact fee from each customer who uses the line and pays the City to treat the sewage in this line.
Bowden alleges that in 2004 he approached Smiths in regard to fees that would be charged in the event he were to access the trunk line to service a 200-unit *486 apartment complex he was planning to construct near the line. Bowden alleges that Smiths informed him that he would have to pay $100,000 in water-impact fees and $335,000 in sewer-impact fees. Webb alleges that he also approached Smiths in regard to fees that would be charged in the event he were to access the line to service a different 200-unit apartment complex in the same general area. Webb alleges that Smiths informed him that he would have to pay total impact  water and sewer  fees of $500,000.
On April 27, 2005, Bowden and Webb sued Smiths in the Russell Circuit Court, alleging that the impact fees Smiths quoted each of them for service from the trunk line are unreasonable, unlawful, and disproportionate to fees charged by other water and sewer authorities in surrounding counties. They seek an order permanently enjoining Smiths from collecting impact fees, sewage rates, or other rates or fees, however named, that exceed the true cost of the services provided, and such other relief as the trial court may deem just and proper.
Smiths filed a motion to transfer the case to the Lee Circuit Court, pursuant to Code of Alabama 1975, § 6-3-21.1. The Russell Circuit Court denied Smiths' motion to transfer.
Smiths filed this petition for the writ of mandamus, asking this Court to direct the Russell Circuit Court to transfer this case to the Lee Circuit Court. We grant the petition and issue the writ.

II. Standard of Review
This Court stated in Ex parte Williford, 902 So.2d 658, 661-62 (Ala.2004):
"Our standard of review of a petition for a writ of mandamus is well settled: `Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)."
In Ex parte National Security Insurance Co., 727 So.2d 788, 789 (Ala.1998), this Court stated that "[t]he proper method for obtaining a review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus." And in Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995), this Court stated that "[w]hen we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner."

III. Analysis
Smiths argues that the case should be transferred to Lee County because the proposed developments are in Lee County, the sewer trunk line is in Lee County, Smiths is incorporated in Lee County, Smiths' office is in Lee County, Bowden and Webb reside in Lee County, and Lee County will be substantially affected by this case whereas Russell County will be affected very little, if at all. Smiths also notes that although Bowden's and Webb's real-estate offices are in Russell County, they have sued in their individual capacities. Bowden and Webb argue that the convenience of the parties dictates that the case remain in Russell County, because, they say, the parties and the witnesses they expect to call live closer to the Russell County courthouse than to the Lee County courthouse, the sewer line and the proposed developments are closer to the Russell County courthouse, and the papers and exhibits that will be used in the trial *487 are closer to the Russell County courthouse.
The geographical aspects of the two counties come to bear on the arguments of the parties. Lee County and Russell County border each other, Lee County to the north and Russell County to the south. Phenix City, the county seat of Russell County, is in the extreme northeast corner of Russell County; in fact, the northern and western portions of Phenix City are in Lee County. Opelika, the county seat of Lee County, is in the north-central portion of Lee County. Consequently, although the proposed developments are in southeastern Lee County, they are approximately 24 miles from the Lee County courthouse and approximately 5 miles from the Russell County courthouse. Bowden's and Webb's residences, the residence of witness Eric Landsdon, and the Smiths office are all in southeastern Lee County near the proposed developments and considerably closer to the Russell County courthouse than to the Lee County courthouse.
Before this Court can decide whether this case should have been transferred to the Lee Circuit Court, we must first determine whether venue for the case was proper in the Russell Circuit Court. The Russell Circuit Court cannot transfer a case that was not properly before it. Code of Alabama 1975, § 6-3-21.1, the forum non conveniens statute, provides in pertinent part:
"(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
Section 6-3-21.1 authorizes a transfer only of cases "filed in an appropriate venue." As the Court of Civil Appeals noted in Ex parte Ford Motor Credit Co., 561 So.2d 244, 246-47 (Ala.Civ.App.1990):
"`[Section 6-3-21.1] contemplates proper venue in more than one Alabama county. It contemplates transfer of venue from a county in Alabama where venue is proper to another county within the state where the venue is also proper, but more convenient for the parties and witnesses [or in the interest of justice].'"
(Quoting Ex parte Southern Ry., 556 So.2d 1082, 1086 (Ala.1989).)
In this case, all the parties agree that venue for the case is proper in the Russell Circuit Court. Section 6-3-7, Code of Alabama 1975, provides:
"(a) All civil actions against corporations may be brought in any of the following counties:
"(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
"(2) In the county of the corporation's principal office in this state; or
"(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
"(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action."
Although the real-estate developments that are the subjects of this action are *488 located in Lee County, they are close to Phenix City and are in the Phenix City planning district. Also, Bowden and Webb argue that Smiths "transacts business by serving customers in Russell County, Alabama, presently and daily as well as bills them monthly." (Bowden and Webb's brief at 13, Appendix 3 at 22-23.) Smiths acknowledges that at the time the complaint in this case was filed, it was still doing some business in a small portion of Russell County. Therefore, the record contains a sufficient basis from which to conclude that the case was properly filed in the Russell Circuit Court and that venue is proper in that court.
Smiths argues that, even though the Russell County courthouse is closer to the proposed developments and the residences and/or offices of the parties, it is in the interest of justice that a case be tried in the jurisdiction that has a strong connection to the case and that the interest-of-justice component takes precedence over the convenience of the parties. Code of Alabama 1975, § 6-3-21.1, authorizes a transfer of a case "for the convenience of parties and witnesses, or in the interest of justice." The "or" suggests that "the convenience of parties and witnesses" and "the interest of justice" are separate and distinct components. The disjunctive "or" does not appear in § 6-5-546, Code of Alabama 1975, which authorizes the transfer of actions against medical providers "[f]or the convenience of parties and witnesses, in the interest of justice. . . ." As a basic canon of statutory construction, we presume that a difference in wording, especially in provisions within similar statutes, reflects a difference in meaning. As this Court stated in House v. Cullman County, 593 So.2d 69, 75 (Ala.1992):
"[This Court is not] permitted arbitrarily to disregard the marked differences in terminology illustrated by these distinct types of amendments. Indeed, where there is a `material alteration in the language used in the different clauses, it is to be inferred' that the alterations were not inadvertent. Lehman, Durr & Co. v. Robinson, 59 Ala. 219, 235 (1877); Cf. 2A Sutherland Stat. Const. § 51.02 (4th ed.) (`"where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed"') (quoting Western States Newspapers, Inc. v. Gehringer, 203 Cal.App.2d 793, 22 Cal.Rptr. 144 (1962))."
As this Court stated in Ex parte Boshell, 805 So.2d 675, 680 (Ala.2001):
"We recognize that the forum non conveniens language contained in § 6-5-546 varies slightly from that contained in § 6-3-21.1. Section 6-3-21.1 contains a disjunctive `or,' while § 6-5-546 does not. However, the pertinent language of § 6-5-546 is identical to that contained in 28 U.S.C. § 1404(a), the federal forum non conveniens statute. In this regard, commentators have stated:
"`[The federal statute, 28 U.S.C.A. § 1404(a) ], says that actions may be transferred "for the convenience of parties and witnesses, in the interest of justice." Although, as Judge Friendly has pointed out, "the letter of the section might suggest otherwise," it is well established that the interest of justice is a factor to be considered on its own and an important one, and that the interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses [points] in a different direction.'
"15 Charles Alan Wright et al., Federal Practice and Procedure § 3854 at 439-40 (2d ed.1986) (citations omitted)."
*489 What this Court said in Boshell about § 6-5-546 applies, a fortiori, to § 6-3-21.1, which does contain the disjunctive "or."
Furthermore, § 6-3-21.1 uses the imperative verb "shall" in saying that a court "shall . . . transfer any civil action . . . to any court of general jurisdiction in which the action might have been properly filed. . . ." As this Court stated in Ex parte First Family Financial Services, Inc., 718 So.2d 658, 660 (Ala.1998): "The plaintiff argues that a trial judge has almost unlimited discretion in [venue] matters. Her argument, however, must be considered in light of the fact that the Legislature used the word `shall' instead of the word `may' in § 6-3-21-1." The Court did agree that the trial court had some discretion to transfer a case, but that that discretion was not unlimited.
The Court in First Family quoted a law-review article written by the Governor's special counsel on tort reform regarding § 6-3-21.1, which was adopted as part of the tort-reform legislation:
"`The ability to transfer cases within Alabama for the convenience of parties and witnesses and in the interest of justice was denied Alabama courts prior to passage of Alabama Code section 6-3-21.1 in this tort reform effort. Courts are now required to transfer a case to a county in which the case originally might have been filed if the convenience of the parties and witnesses or the interests of justice so dictate. Although the statute uses the mandatory term "shall," judicial discretion will necessarily be involved in considering factors of convenience and the interest of justice.'"
718 So.2d at 660 (quoting Robert D. Hunter, Alabama's 1987 Tort Reform Legislation, 18 Cumb. L.Rev. 281, 289-90 (1988)). The Court held:
"We conclude that the Legislature, in adopting § 6-3-21.1, intended to vest in the trial courts, the Court of Civil Appeals, and this Court the power and the duty to transfer a cause when `the interest of justice' requires a transfer."
718 So.2d at 660.
These decisions establish that the "interest of justice," as that term is used in § 6-3-21.1, is distinct from, although related to, the convenience of the parties and witnesses, and that the trial court has a duty to transfer a case when the interest of justice so requires, although the trial court has some discretion in determining when such a transfer is in the interest of justice. The Court in Boshell said that, when the interest of justice conflicts with the convenience of the parties, "`the interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses [points] in a different direction.'" Boshell, 805 So.2d at 680 (quoting 15 Charles Alan Wright et al., Federal Practice and Procedure § 3854 (2d ed.1986)).
Some courts have described the interest of justice in terms interchangeable with the convenience of the parties. In First Family, supra, this Court quoted the United States Supreme Court's decision in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947):
"`"Important considerations are the relative ease to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive."'"
First Family, 718 So.2d at 661 (quoting Ex parte Gauntt, 677 So.2d 204, 221 (Ala. 1996) (Maddox, J., dissenting), quoting in turn Gilbert, 330 U.S. at 508, 67 S.Ct. 839). *490 First Family also quoted Gilbert (by way of Justice Maddox's dissent in Gauntt) concerning considerations that are less directly related to the convenience of the parties and witnesses:
"`"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home."'"
First Family, 718 So.2d at 661 (quoting Gauntt, 677 So.2d at 221 (Maddox, J., dissenting), quoting in turn Gilbert, 330 U.S. at 508-09, 67 S.Ct. 839).
The key factors concerning the interest of justice that clearly apply in this case are the burden of piling court services and resources upon the people of a county that is not affected by the case and, perhaps most basic of all, the interest of the people of a county to have a case that arises in their county tried close to public view in their county.
In a similar case involving a transfer from Russell County to Lee County, this Court stated:
"Under those circumstances, . . . the `"interest of justice" require[d] the transfer of the action from a county with little, if any, connection to the action . . . to a county with a strong connection to the action.' [Ex parte National Sec. Ins. Co.,] 727 So.2d [788] at 790 [ (Ala. 1999)].
"It is undisputed that Clarksville maintained no office and kept no documents in Russell County. Ford did not live in Russell County. No meetings between Clarksville and Ford took place in Russell County. In fact, all meetings between Ford and Clarksville took place in Lee County, where Clarksville seeks to have the case transferred. Further, two of Clarksville's employees who will be important witnesses in this case live in Lee County."
Ex parte Clarksville Refrigerated Lines I, Ltd., 860 So.2d 1261, 1264 (Ala.2003). The Court then held that the trial court had exceeded its discretion when it denied Clarksville's change-of-venue motion.
This case involves an action by Lee County residents concerning water and sewer charges imposed by a corporation located in Lee County, for proposed real-estate developments in Lee County. Clearly, this case most directly pertains to and affects Lee County. Although the Russell County courthouse may be slightly more convenient for some of the parties and witnesses, the interest of justice clearly requires that this case be tried in Lee County. The petition for the writ of mandamus is therefore granted, and the Russell Circuit Court is ordered to transfer this case to the Lee Circuit Court.
PETITION GRANTED; WRIT ISSUED.
SEE, LYONS, STUART, SMITH, and BOLIN, JJ., concur.
MURDOCK, J., concurs specially.
WOODALL, J., concurs in the result.
COBB, C.J., dissents.
MURDOCK, Justice (concurring specially).
I concur specially in order to note that my agreement with the main opinion in the *491 present case should not be construed as an abandonment of the views I expressed in Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d 12, 14 (Ala.2007) (Murdock, J., dissenting).