Rel: March 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0572

_____

**Ex parte Andrew J. Scarborough, as the administrator of the Estate of Timothy John Chumney, deceased**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Andrew J. Scarborough, as the administrator of the Estate of Timothy John Chumney, deceased**

**v.**

**Wexford Health Sources, Inc., et al.)**

**(Montgomery Circuit Court: CV-20-900628)**

COOK, Justice.[1]

Over four years ago, Andrew J. Scarborough filed an action in the Montgomery Circuit Court as the administrator of the estate of Timothy John Chumney. In that action, Scarborough named as defendants Wexford Health Sources, Inc. ("Wexford"), Deora Johnson, and Shari Barfield. The defendants did not object to venue in their original Rule 12, Ala. R. Civ. P., motions. They also did not allege in their answers that venue was improper. Instead, two years after the action was first set for trial, they moved to amend their answers to raise the defense of improper venue and then filed a motion to transfer the action. The Montgomery Circuit Court agreed that venue was improper and transferred the action to the Limestone Circuit Court.

Scarborough then petitioned this Court for a writ of mandamus directing the Montgomery Circuit Court to vacate its transfer order because, he says, the defendants have long since waived their defense of improper venue. See Rule 12(h)(1). For the reasons stated below, we agree with Scarborough and, therefore, grant the petition and issue the

_____

[1]This case was originally assigned to another Justice on this Court; it was reassigned to Justice Cook on February 26, 2025.

writ.

## Facts and Procedural History

In September 2017, Chumney began a six-year prison sentence at Easterling Correctional Facility. Just a few days after he began his sentence, Chumney was beaten and raped by a group of six inmates. Following that assault, Chumney became paranoid, and the Alabama Department of Corrections ("ADOC") began to conduct regular mental-health evaluations on him.

In February 2018, ADOC transferred Chumney to the Limestone Correctional Facility in Limestone County. On March 8, 2018, health-care providers diagnosed Chumney with "adjustment disorder with anxiety" and scheduled him for monthly mental-health appointments.

Wexford began providing health-care services to Alabama's correctional facilities on April 1, 2018. Those services included monitoring, and conducting risk assessments of, inmates with suicidal behavior. Wexford employed Barfield as a counselor and Johnson as a nurse-practitioner. Both worked at the Limestone Correctional Facility.

During April and May of 2018, it was noted that Chumney was paranoid about attacks from other inmates and was having suicidal

thoughts. Johnson and Barfield reported Chumney as a moderate suicide risk and ordered him to undergo mental-health observations with suicide precautions.

On May 8, 2018, Johnson and Barfield placed Chumney on suicide watch but later changed their minds and placed Chumney in mental-health observation, instead. Three days after Chumney was initially placed on suicide watch, Johnson discharged Chumney from mental-health observation and sent him back into the general population despite his remaining adamant that he would be harmed by other inmates. Although discharging a patient requires a suicide assessment of the patient, no one performed an assessment on Chumney. The following day, Chumney hung himself in his cell.

After the Houston Probate Court appointed Scarborough as the administrator of Chumney's estate, Scarborough, on May 7, 2020, commenced this single-count action in the Montgomery Circuit Court, alleging a claim of common-law negligence "as modified by the Alabama Medical Liability Act," ("the AMLA"), § 6-5-480 et seq. and § 6-5-540 et seq., Ala. Code 1975. The complaint named Wexford, Johnson, Barfield, and three fictitiously named parties as defendants. It also expressly

4

alleged that venue was proper in the Montgomery Circuit Court pursuant to § 6-3-9, Ala. Code 1975.[2]

On May 29, 2020, the defendants filed a motion to dismiss Scarborough's complaint pursuant to Rule 12(b)(6). In their motion, the defendants argued only that, in Alabama, the common-law tort of negligence does not survive the death of the person with the claim. They did not dispute that venue was proper in the Montgomery Circuit Court.

A few hours later, Scarborough filed an amended complaint alleging a single count of medical malpractice "pursuant to the Alabama Wrongful Death Act, Ala. Code [1975,] § 6-5-410, and the Alabama common law as modified by" the AMLA. In that complaint, Scarborough continued to allege that venue was proper in the Montgomery Circuit Court pursuant to § 6-3-9.

The defendants filed identical answers to Scarborough's first

---

[2]That Code section provides, in relevant part:

> "All actions where the prison system or the state on account of the prison system is interested must be commenced in Montgomery County in any court having jurisdiction of the amount involved, except actions to condemn property under Section 18-1A-271, [Ala. Code 1975,] which must be commenced in the county where the property sought to be condemned is located."

5

amended complaint on June 16, 2020, December 3, 2020, and January 25, 2021, respectively. The defendants stated in their answers that they "[did] not dispute venue."

On August 30, 2021, the Montgomery Circuit Court issued an order encouraging the parties to agree on a trial term. A couple of weeks later, the parties filed a joint response stating that the action would be ready for trial on October 24, 2022. The Montgomery Circuit Court then set the trial for that date. However, the parties later filed a joint motion to continue the trial, which the Montgomery Circuit Court granted.

On April 1, 2024, the defendants filed a joint motion for leave to amend their previously filed answers "pursuant to Rule 15 of the Alabama Rules of Civil Procedure." The Montgomery Circuit Court granted that motion to amend on April 11, 2024.

The defendants filed their amended answers on April 18, 2024. In each of their amended answers, the defendants denied that venue was proper in the Montgomery Circuit Court pursuant to § 6-3-9. According to the defendants, venue was proper only in Limestone County, pursuant to the venue provisions in § 6-5-546, Ala. Code 1975, of the AMLA.

On April 26, 2024, the defendants filed a motion to transfer the

action from the Montgomery Circuit Court to Limestone Circuit Court. After Scarborough filed a response to the defendants' motion, the Montgomery Circuit Court held a hearing on the motion on June 24, 2024.

Six days later, Montgomery Circuit Court entered a short order granting the defendants' motion to transfer the action. The Montgomery Circuit Clerk transferred the action the same day, and the action was docketed in the Limestone Circuit Court. Scarborough then filed the present petition for a writ of mandamus with our Court, and we subsequently ordered answers and briefs.

## Standard of Review

"A petition for the writ of mandamus is the appropriate means by which to challenge a trial court's order regarding a change of venue." Ex parte Children's Hosp. of Alabama, 931 So. 2d 1, 5 (Ala. 2005) (citing Ex parte Sawyer, 892 So. 2d 898, 901 (Ala. 2004)). It is well settled that

> "'"[a] writ of mandamus is an extraordinary remedy, and it will be 'issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.'"'"

Ex parte Premier Plastic Surgery, P.C., 372 So. 3d 195, 197 (Ala. 2022)

(quoting Ex parte Blue Cross & Blue Shield of Alabama, 321 So. 3d 682, 683 (Ala. 2020)).

"'"This Court reviews mandamus petitions seeking review of a venue determination by asking whether the trial court exceeded its discretion in granting or denying the motion for a change of venue."'" Ex parte Seriana, 285 So. 3d 747, 750 (Ala. 2019) (quoting Ex parte AAMCO Transmissions, Inc., 897 So. 2d 285, 287-88 (Ala. 2004)). The trial court exceeds its discretion by granting a motion for a change of venue when the movant has previously waived its right to challenge venue. See Ex parte Seriana, 285 So. 3d at 752 (granting mandamus relief because the right to challenge venue had been waived); Ex parte Harper, 934 So. 3d 1045, 1048 (Ala. 2006) (same).

## Discussion

Scarborough argues that, under Rule 12(g) and (h)(1), the defendants' failure to raise the defense of improper venue in their Rule 12(b) motions or in their answers waived their right to challenge venue. He also claims that they consented to venue by their direct admissions in their answers. In response, the defendants argue, among other things, that the waiver provisions in the Alabama Rules of Civil Procedure are

8

not controlling and that the Montgomery Circuit Court had no choice but to transfer the action to the Limestone Circuit Court pursuant to § 6-5-546 of the AMLA, which, they note, requires transfer on the basis of improper venue at "any time prior to the commencement of the trial." For the reasons stated below, we agree with Scarborough that the defendants have waived their defense of improper venue.

### A. The Defendants Waived their Defense of Improper Venue Under Rule 12(h)(1)(A), Ala. R. Civ. P.

It is well settled that "[t]he question of proper venue for an action is determined at the commencement of the action." Ex parte Pratt, 815 So. 2d 532, 534 (Ala. 2001). Rule 12(h)(1) explains when a venue objection is waived:

> "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made in a matter of course."

(Emphasis added.)

In the present case, the defendants waived their defense of improper venue under Rule 12(h)(1)(A) because they omitted their venue objection "from a motion in the circumstances described in subdivision

9

(g)." Rule 12(g), subject to a few notable exceptions not applicable here, states that if a party makes a motion under Rule 12 and omits a defense or objection "then available to the party" that Rule 12 permits to be raised, the party "shall not thereafter make a motion based on the defense or objection so omitted." In other words, a party should "consolidate" their available Rule 12 defenses or objections in their initial motion.[3]

It is undisputed that the defendants' first filings in this case were motions to dismiss Scarborough's initial complaint pursuant to Rule 12(b). In those initial motions, the defendants did not argue that venue was improper, even though that defense was available to them at the time. Because the defendants omitted their defense of improper venue from their initial Rule 12(b) motions, under Rule 12(g) the defendants may not raise that defense in a later motion. Therefore, the defendants' improper-venue defense, raised for the first time in their April 26, 2024, motion, was untimely, because that defense was previously "omitted from a motion in the circumstances described in subdivision (g)." It thus had

---

[3]We note that Rule 12(g) is entitled "Consolidation of Defenses in Motion."

10

been waived under Rule 12(h)(1)(A).

### B. Section 6-5-546, Ala. Code 1975, Did Not Require the Montgomery Circuit Court to Transfer the Action to the Limestone Circuit Court

The defendants argue, however, that the venue-waiver provisions in the Alabama Rules of Civil Procedure are not controlling. Instead, the defendants contend that the Montgomery Circuit Court had no choice but to transfer the action to the Limestone Circuit Court pursuant to § 6-5-546, which provides, in part, that "the action must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred." (Emphasis added.) In particular, the defendants emphasize the third sentence of that statute, which states:

> "If at any time prior to the commencement of the trial of the action it is shown that the plaintiff's injuries or plaintiff's decedent's death did not result from acts or omissions which took place in more than one county, on motion of any defendant the court shall transfer the action to such county wherein the alleged acts or omissions actually occurred."

(Emphasis added.) Relying on Ex parte Children's Hospital of Alabama, 931 So. 2d at 7, in which our Court stated that the language of § 6-5-546 "is mandatory" and, thus, that "the trial court has no discretion as to venue," the defendants contend that the Montgomery Circuit Court's

decision to transfer the action to the Limestone Circuit Court was proper and, thus, that the mandamus petition should be denied.

However, in a recent, unanimous opinion, our Court held that the third sentence of § 6-5-546 applies only when "the relevant acts or omissions <u>were alleged to have taken place in more than one county but, before the commencement of trial, it is shown that they occurred in only one county</u>." <u>Ex parte Premier Plastic Surgery, P.C.</u>, 372 So. 3d 195, 199 (Ala. 2022) (emphasis added). In reaching that conclusion, our Court emphasized that, "when the plaintiff <u>does not</u> allege that the plaintiff's injuries resulted from acts or omissions that took place in more than one county," venue "is controlled by the first sentence of § 6-5-546, to which the third sentence is unrelated and has no application, and the general timing provisions of Rules 12(h)(1) … remain applicable." <u>Id.</u> at 201.

In the present case, it is undisputed that Scarborough did not allege in any of his complaints that the acts or omissions complained of took place in more than one county. The defendants even conceded that fact. <u>See</u> Answer at 19 ("The alleged acts did not occur in any other county besides Limestone County."). Per our Court's decision in <u>Ex parte Premier Plastic Surgery</u>, <u>supra</u>, the third sentence of § 6-5-546 does not

apply, and, thus, the general timing and waiver provisions of Rule 12(h)(1) remain applicable. We thus find the defendants' argument to be meritless.

## Conclusion

For the foregoing reasons, the Montgomery Circuit Court exceeded its discretion when it granted the defendants' motion to transfer the action to the Limestone Circuit Court roughly four years after the action was commenced. Accordingly, Scarborough has demonstrated a clear legal right to relief, we grant his petition, and we issue a writ of mandamus directing the Montgomery Circuit Court to vacate its order granting the defendants' motion to transfer the action.[4]

PETITION GRANTED; WRIT ISSUED.

Stewart, C.J., and Shaw, Bryan, Mendheim, Mitchell, and McCool, JJ., concur.

---

[4]Because the resolution of this issue is dispositive, we pretermit discussion of any other issues raised by the parties. See Ex parte Board of Water & Sewer Comm'rs of City of Mobile, 272 So. 3d 635, 638 (Ala. 2018) (finding petitioner's second argument to be dispositive, thus pretermitting discussion of the petitioner's first argument). See also Jackson Hosp. & Clinic, Inc. v. Murphy, 343 So. 3d 490, 498 n.3 (Ala. 2021) (stating that the Court would pretermit discussion of remaining issues in light of the dispositive nature of another issue).

Cook, J., concurs specially, with opinion.

Sellers, J., dissents, with opinion, which Wise, J., joins.

COOK, Justice (concurring specially).

Although I am the author of the main opinion, I write specially to note that even if the defendants in this case had not waived their venue objection under Rule 12(g) and (h)(1)(A), Ala. R. Civ. P., by omitting their objection from their first Rule 12 motions, they certainly waived it under Rule 12(h)(1)(B). I also note that, to the extent that a defendant in a future case might argue that it is allowed to make a motion for a change of venue under Rule 82(d)(1), Ala. R. Civ. P., after the defense of improper venue has been waived under Rule 12, it would be mistaken.

A. The Defendants' Improper-Venue Defense Was Waived Under Rule 12(h)(1)(B)

Defendants can waive the defense of improper venue in more than one way. In addition to waiver under Rule 12(g) and (h)(1)(A), waiver can also occur if a defendant fails to include a venue objection in its first "responsive pleading or an amendment thereof permitted by Rule 15(a)[, Ala. R. Civ. P.,] to be made as a matter of course." Rule 12(h)(1)(B) (emphasis added).

Before its amendment in 1992, Rule 15(a), Ala. R. Civ. P., gave a party only 30 days to amend its pleading "as a matter of course." Specifically, the rule read, in relevant part:

15

> "'A party may amend his pleading <u>once as a matter of course</u> at any time <u>before a responsive pleading is served</u>, or, if the pleading is one to which no responsive pleading is permitted and <u>the action has not been placed upon the trial calendar</u>, he may so amend it at <u>any time within 30 days after it is served</u>.'"

<u>Boros v. Baxley</u>, 621 So. 2d 240, 245 (Ala. 1993) (quoting Rule 15(a) before it was amended in 1992).  This was similar to the period provided in the corresponding federal rule. <u>See</u> Rule 15(a), Fed. R. Civ. P.

Following its amendment in 1992, Rule 15(a) now provides parties with a much longer period to amend a pleading without leave of court. Specifically, that rule now states that a party may amend a pleading "at any time more than forty-two (42) days <u>before the first setting of the case for trial.</u>" (Emphasis added.)  However, after this extended period expires, there can be no amendment "as a matter of course."  Rule 15(a) states that, "[t]hereafter, a party <u>may amend a pleading only by leave of court</u>, and leave shall be given <u>only upon a showing of good cause</u>." (Emphasis added).[5]

_____

[5]<u>See</u> <u>also</u> Committee Comments to August 1, 1992, Amendment to Rule 15(a) ("However, an amendment may be filed after such time <u>only</u> <u>with leave of court</u> …." (emphasis added)).  It is true that Rule 15 no longer uses the exact phrase "as a matter of course."  Rule 12, however, has not been amended and thus still uses this phrase.  Even so, the new language in Rule 15 clearly means the same thing -- that is, once the time

Even applying this extended period, the defendants clearly waived their venue objection. Their amendment -- made almost two years after the first trial setting -- required "leave of court" and therefore was not "made as a matter of course." It is undisputed that the Montgomery Circuit Court first set this case for trial on October 24, 2022. Any amended pleading filed on or after the 42nd day preceding that date is not an amended pleading permitted by Rule 15(a) "to be made as a matter of course." Therefore, the defendants' improper-venue objections were also barred by Rule 12(h)(1)(B).

B. The Waiver of the Improper-Venue Defense Under Rule 12(h) also Waives the Right to File a "Timely Motion" for a Change of Venue Under Rule 82(d)(1)

period for filing an amended pleading has passed, a party may amend a pleading "only with leave of court."

Our Court has recently requested that the Standing Committee for the Alabama Rules of Civil Procedure engage in a restyling project. The effort conducted by the federal courts to restyle their rules was an impetus for this project, especially given that our rules are now over 50 years old. See Joseph Kimble, Redrafting All the Federal Rules: A 30-Year Odyssey, Judicature, Vol. 107, No. 3 at 25 (2024); and Justice Champ Lyons, Jr., Reminiscences on Adoption of the Rules of Civil Procedure, 65 Ala. Law. 93 (Mar. 2004). We have appointed a task force to assist the Committee in this effort. Making the terminology of our rules both clear and consistent -- rather than changing their meaning -- is the key goal of this project. This mismatch of language between Rule 12 and Rule 15 -- intended to work together -- is an example of the types of changes that I hope can be addressed by this effort.

17

Although the defendants do not contend in either their answer to the mandamus petition or in any of their motions or pleadings filed in the trial court that their motion to change venue was made in accordance with Rule 82(d)(1), Scarborough preemptively raises this issue in his petition and argues that the defendants' motion was not raised in accordance with that rule. Given the failure of the defendants to raise this issue, we need not address it in the main opinion. However, to the extent that a defendant in a future case may attempt to argue that Rule 82(d)(1) provides a separate basis to move for a change of venue -- even if barred from doing so under Rule 12 -- I want to make clear that such an argument would be mistaken.

Rule 82(d)(1) provides that a defendant may "on timely motion" make a motion to change venue. (Emphasis added.) Rule 82 works hand-in-glove with Rule 12.[6] In other words, properly raising a defense of improper venue in a responsive pleading or in a Rule 12 motion also preserves the right to file a "timely motion" for a change of venue under Rule 82(d)(1). See, e.g., Ex parte Movie Gallery, Inc., 31 So. 104, 111 (Ala.

---

[6]Notably, a comparable version of Rule 82 is not found in the Federal Rules of Civil Procedure.

2009); <u>Ex parte Lugo de Vega</u>, 65 So. 3d 886, 894 (Ala. 2010); <u>Ex parte Premier Plastic Surgery, P.C.</u>, 372 So. 3d 195, 199 (Ala. 2022).

As explained in the main opinion, the defendants waived the right to assert the defense of improper venue under Rule 12(h)(1). As a result, they also waived the right to file a "timely motion" for a change of venue under Rule 82(d)(1). I use the facts of this case as an example to make clear to the Bar that Rule 82(d)(1) cannot provide a separate basis to move for a change of venue when a defendant is already barred from doing so under Rule 12.

SELLERS, Justice (dissenting).

I agree with the main opinion regarding the importance of adhering to the requirements of the Alabama Rules of Civil Procedure. I also agree with Justice Cook that litigants should not mistakenly rely on Ala. R. Civ. P. 82 as a potential avenue to insert a required defense independent of Ala. R. Civ. P. 12. However, I dissent because the outcome of this petition is determined not by the Alabama Rules of Civil Procedure but by the venue requirement contained in the statute governing the terms of the litigation.

From its outset in 2020, this case has been an action in tort against a health-care provider based on a breach of the standard of care. The plaintiff, Andrew J. Scarborough, as administrator of the estate of Timothy John Chumney, deceased, recognized this when he acknowledged that his claim was "modified by the Alabama Medical Liability Act," ("the AMLA"), § 6-5-480 et seq. and § 6-5-540 et seq., Ala. Code 1975, in his initial complaint. The AMLA includes a venue provision requiring that "the action <u>must</u> be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant <u>actually occurred</u>." § 6-5-546, Ala. Code 1975 (emphasis

20

added). This Court has considered proper venue under that statute in a variety of intricate situations, such as when a nonmedical-liability claim arising out of acts that had occurred in one county was brought in conjunction with a medical-liability claim arising out of acts that had occurred in another county, see Ex parte Kennedy, 656 So. 2d 365 (Ala. 1995), and when the breach of the standard of care had occurred in two different counties, see Ex parte Children's Hosp. of Ala., 721 So. 2d 184 (Ala. 1998). This case is dissimilar. It has only ever been a medical-liability action, and there is no dispute that the acts allegedly constituting a breach of the standard of care occurred entirely in Limestone County. Accordingly, § 6-5-546 requires that venue of this case be in Limestone County, not in Montgomery County, because Limestone County is the only county where the alleged breach of the standard of care occurred. It is that simple.

The majority relies on Ex parte Premier Plastic Surgery, P.C., 372 So. 3d 195 (Ala. 2022), a recent case from this Court involving the application of § 6-5-546. In that case, we unanimously held that a defendant had waived his right to enforce the statute's venue requirement because he had waited too long to assert proper venue.

However, this case is factually distinct from Premier Plastic Surgery. There, the plaintiff commenced a medical-liability action in Jefferson County, despite the fact that the alleged breach had occurred in Shelby County. The litigation proceeded for nearly three years, with both sides conducting depositions and completing discovery. The defendants moved to change venue three weeks before trial. Premier Plastic Surgery, 372 So. 3d at 197. Recognizing the abrupt disruption that a venue change so close to trial would bring, this Court held that the trial court had acted within its discretion under the circumstances in denying the motion to change venue. See id. at 202.

Here, the litigants are nowhere close to trial. Discovery is far from complete, and there has been no attempt to set a new trial date since both sides agreed to indefinitely stay a trial following the cancellation of the scheduled 2022 trial. Unlike in Premier Plastic Surgery and Ex parte Lugo de Vega, 65 So. 3d 886 (Ala. 2010), in which a motion to change venue came after discovery had ended and within three months of the scheduled trial date, the trial of this case is uncertain. A venue change would not cause the disruptions our past cases on this issue sought to avoid.

22

To be clear, the defendants have waited an exceedingly long time to assert proper venue. But the majority opinion glosses over the plaintiff's failure to prosecute as being equally complicit in this lengthy delay; the plaintiff has been just as culpable as the defendants in failing to move this case closer to trial. When this Court has found a request to change venue untimely, it has been because the issue of improper venue was not raised until too late in the litigation process and a change of venue at that point would prejudice the other party.[7] But here, Scarborough would not be prejudiced by a venue change when he is no closer to being ready

_____

[7]Our precedent shows that this Court will deny a venue change when the litigation has already reached a late stage or when a party extensively litigates in a venue before seeking to transfer the action to a different venue. See Ex parte Starr, 419 So. 2d 222 (Ala. 1982) (holding that motion to change venue was untimely because the defendant had raised the issue of improper venue after the court had entered a default judgment in favor of the plaintiff); Ex parte Maness, 386 So. 2d 429 (Ala. 1980) (plurality opinion) (holding that motion to change venue was untimely when remaining defendants had filed motion after other defendant had prevailed at summary-judgment stage); Ex parte Tanskley, 418 So. 2d 94, 95 (Ala. 1982) (holding that motion to change venue was untimely when plaintiffs "filed answers to interrogatories, a motion for default judgment, an objection to notice of deposition, and a motion for a protective order" in the new venue before switching course and seeking to transfer action back to the original venue). This is not one of those cases.

for trial than the defendants.[8]

Montgomery County has absolutely no relationship to this medical-liability case. Scarborough instigated this lawsuit in Montgomery County because he alleged that Montgomery County was the proper venue under § 6-3-9, Ala. Code 1975. As the majority opinion points out, that statute mandates that Montgomery County is the proper venue for all lawsuits involving the state prison system, including when its employees are being

---

[8]See Ala. R. Civ. P. 15(a):

> "Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires."

The Committee Comments on the 1973 Adoption of Rule 15 explain that, "[n]ormally, an amendment should be denied only if the amendment would cause actual prejudice to the adverse party." (Citing 6 Wright & Miller, Federal Practice & Procedure, Civil, § 1484 (1971).). "[T]his court has repeatedly said that Rule 15 must be liberally construed." Hammond v. Realty Leasing, Inc., 351 So. 2d 893, 895 (Ala. 1977). Although Rule 15 was amended in 1992, its intended liberal application remains unchanged. See Fitzpatrick v. Hoehn, 262 So. 2d 613, 625 (Ala. 2018) (quoting Metropolitan Life Ins. Co. v. Sullen, 413 So. 2d 1106, 1108 (Ala. 1982) ("Although amendments are to be liberally allowed under Rule 15, trial judges have discretion to allow or refuse amendments, and should not allow them where the trial will be unduly delayed or the opposing party unduly prejudiced ...") (emphasis in original) (internal citations omitted).

24

sued in their official capacities. See Ex parte Daniels, 941 So. 2d 251 (Ala. 2006) (holding that Montgomery County was the proper venue because a prison warden and an assistant warden had been sued directly). Scarborough brought this lawsuit in Montgomery County under his assertion that the individual defendants were State employees, thus, he believed, triggering the mandatory venue requirement of § 6-3-9.[9] Scarborough has also maintained this argument in this mandamus proceeding, although it appears that he now concedes that this is an evidentiary question rather than an established fact. See Petition at 11. This argument is unfounded, as § 6-3-9 does not apply to private healthcare providers who contract with the state prison system.

Montgomery County could never be the proper venue for this case. The case was mistakenly brought in Montgomery County because the claims appeared to implicate the Alabama Department of Corrections. But, once the complaint was amended to assert a breach of the standard of care under the AMLA and no State officials were made defendants, §

---

[9]The individual defendants are employees of the corporate defendant, Wexford Health Sources, Inc., a private company that contracts with the Alabama Department of Corrections to provide health services to the State's inmates. They are not State employees.

6-5-546 mandated that the case be transferred to the county were the alleged acts causing the injury occurred. This is not a case in which Montgomery County has even a weak connection to the claims asserted. Chumney was never held in Montgomery County during the course of his incarceration, and the acts allegedly leading to his death occurred at a location nearly two hundred miles away from Montgomery County. Applying § 6-5-546 to the facts of this case, it is clear that Limestone County is the only proper venue. "'[A] transfer is not authorized under the Rules unless venue was incorrect at the outset of the suit.'" Ex parte Ford, 431 So. 2d 1194, 1195-96 (Ala. 1983) (quoting Ex parte Maness, 386 So. 2d 429, 430 (Ala. 1980) (plurality opinion)). That is undoubtedly the situation here.

The majority opinion goes into detail discussing the applicability of the first and third sentences of § 6-5-546. But we also cannot ignore the fourth sentence of the statute, which provides: "For the convenience of parties and witnesses, in the interest of justice, a court may transfer any action to any other county where it might have been brought hereunder and/or may order a separate trial as to any claim or party." This Court has recognized that the "interest of justice" implicates "the burden of

26

piling court services and resources upon the people of a county that is not affected by the case" and "the interest of the people of a county to have a case that arises in their county tried close to public view in their county." Ex parte Smiths Water & Sewer Auth., 982 So. 2d 484, 490 (Ala. 2007). This Court has acknowledged that the "interest of justice" component of § 6-5-546 is identical to the "interest of justice" component of 28 U.S.C. § 1404(a), the federal forum non conveniens statute. Ex parte Boshell, 805 So. 2d 675, 680 (Ala. 2001) (quoting 15 Charles Alan Wright et al., Federal Practice and Procedure § 3854 at 439-40 (2d ed. 1986) ("'[T]he interest of justice is a factor to be considered on its own and an important one, and . . . the interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses [points] in a different direction.'"). If the statutory venue requirement under the AMLA was not enough to require a change of venue to Limestone County in this case, both the interest of justice as well as the convenience of the witnesses and parties strongly point toward changing venue to Limestone County.

"Courts are now required to transfer a case to a county in which the case originally might have been filed if the convenience of the parties and

witnesses or the interests of justice so dictate." Robert D. Hunter, Alabama's 1987 Tort Reform Legislation, 18 Cumb. L. Rev. 281, 289 (1988). In interpreting § 6-3-21.1, Ala. Code 1975, the general forum non conveniens statute that contains language that is nearly identical to the language in the fourth sentence of § 6-5-546, this Court concluded that the legislature has given the trial courts the power to transfer a case when "the interest of justice" requires it. Ex parte First Family Fin. Servs., Inc., 718 So. 2d 658, 660 (Ala. 1998). In my view, the trial court had the authority to transfer this case, regardless of whether the defendants had waived the right to contest venue.

This Court has recognized that transferring a case from one county to its neighboring county is necessary when the interest of justice demands it. See Smiths Water & Sewer, 982 So. 2d at 490 (transferring from Russell County to Lee County). Trying a case nearly two hundred miles away from where it should be would raise the same concerns. See Ex parte Interstate Freight USA, Inc., 213 So. 3d 560, 572-73 (Ala. 2016) ("Baldwin County has only a very weak overall connection to the claims in this case, and St. Clair County has a much stronger connection. Therefore, the interest-of-justice prong of the forum non conveniens

statute requires that the action be transferred to St. Clair County." (citations omitted)). "[T]he Alabama Rules of Civil Procedure were designed to give 'some flexibility, particularly in an effort to do what is right and just.'" Pinkerton Sec. & Investigation Servs., Inc. v. Chamblee, 961 So. 2d 97, 101 (Ala. 2006) (quoting Giles v. Giles, 404 So. 2d 649, 651 (Ala. 1981)). Litigating this case before a jury in the county where the relevant acts occurred would be the right thing to do. See Smiths Water & Sewer, 982 So. 2d at 490 ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.").

In cases like this, the Rules of Civil Procedure should yield when, applying statutory venue law, there is only one answer regarding proper venue. I am not the first member of this Court to make such an observation. See Children's Hosp., 721 So. 2d at 192 (Lyons, J., concurring in the result) ("Pursuant to Rule 81(a)(32), procedural matters specified by a statute that conflict with the rules are controlled by the statute."). In sum, "litigation should be handled in the forum where the injury occurred." Ex parte Fuller, 955 So. 2d 414, 416 (Ala. 2006).

Trial judges are afforded broad discretion in determining whether

a change of venue is warranted under the circumstances of the case. <u>Ex parte Sides</u>, 594 So. 2d 93, 95 (Ala. 1992). "When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner." <u>Ex parte Integon Corp.</u>, 672 So. 2d 497, 499 (Ala. 1995). Because of the apparent delays in this case caused by the COVID-19 pandemic, Montgomery County's lack of connection to the case, and the fact that neither side is attempting to litigate this case in an expeditious manner, I do not believe the trial court abused its discretion in granting the motion to transfer when it realized that venue was proper only in Limestone County. Because I would deny the petition, I respectfully dissent.

Wise, J., concurs.